■ FIREQUENCH, INC., Respondent, v SAUL KAPLAN et al., Appellants. (And Another Action.) [682 NYS2d 369] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered September 22, 1997, which denied defendants' motion to consolidate the instant action with the action encaptioned *Kaplan v Walker Thomas Assocs.* (Index No. 604269/96), unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted. Order, same court and Justice, entered September 30, 1997, which, *sua sponte*, transferred the instant action to the Civil Court pursuant to CPLR 325 (d) and 22 NYCRR 202.13 (a), unanimously reversed, on the law and the facts, without costs, and the order vacated.

The initial action was brought by Firequench, Inc., based upon services it performed as a subcontractor hired to correct defects in and obtain Fire Department approval of a fire alarm system installed in premises located at 18 East 53rd Street. The second action, in which the plaintiffs include some of the defendants named in the first action, sought money damages totaling $295,000 against certain contractors, based upon allegations that the contractors, who were initially hired to install the fire alarm systems and obtain approval for them, had failed to do so.

The motion to consolidate the two actions should have been granted. "Consolidation is generally favored in the interest of judicial economy and ease of decision-making where cases present common questions of law and fact, 'unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right' " (*Raboy v McCrory Corp.*, 210 AD2d 145, 147). Both the issue of indemnification and issues relating to work performed at 18 East 53rd Street involve questions of law and fact common to both actions. Further, parties to the second action possess knowledge and information relevant to the claim in the first action, and the witnesses in each case will be almost identical. Nor would consolidation serve to delay either action.

In view of the damages sought, particularly given the

consolidation ordered here, transfer pursuant to CPLR 325 (d) is inappropriate. Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.