■ DENISE FIORITO, Appellant, v ROBERT KRUPS, NORTH AMERICA, INC., et al., Respondents. (Action No. 1.) DENISE FIORITO, Appellant, v MOULINEX, S. A., et al., Respondents. (Action No. 2.) [700 NYS2d 5] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered September 17, 1998, which dismissed the complaint against defendants Robert Krups, North America, Inc. (Krups), M. Fortunoff of Westbury, Fortunoff's Shopping Center, Inc. and Fortunoff Fine Jewelry and Silverware, Inc. (collectively, the Fortunoff entities), known as "Action No. 1", which judgment brings up for review an order, same court and Justice, entered on or about July 7, 1997, which denied plaintiff's motion to amend the complaint, and to allow for further discovery and additional time to file a note of issue, and order, same court and Justice, entered August 13, 1998, which denied plaintiff's motion to strike defendants' 90-day notice and granted defendants' cross-motion to dismiss the complaint, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motions to amend the complaint, for further discovery and to strike the 90-day notice granted, the complaint reinstated and the action restored and remanded for further proceedings before another Justice.

Judgment, same court and Justice, entered October 26, 1998, which dismissed the complaint against defendants Moulinex, S. A. (Moulinex), Vistar S. A. De C.V. (Vistar), and Industries Cambca (Cambca) (collectively, the Moulinex defendants), known as "Action No. 2", which judgment brings up for review an order, same court and Justice, entered November 7, 1997, which denied plaintiff's motion for additional discovery, and order, same court and Justice, entered on or about October 5, 1998, which clarified the November 7, 1997 order to deny plaintiff's motion to consolidate Actions No. 1 and 2, and granted the Moulinex defendants' cross-motion to dismiss Action No. 2, with prejudice, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion for further discovery and to consolidate granted, the cross-motion to dismiss denied, the complaint reinstated and the action restored and remanded for further proceedings before another Justice.

The IAS Court erred in dismissing Action No. 1. The record

clearly demonstrates that the Krups defendants failed to comply with discovery requests, thereby preventing the earlier identification and joinder of the Moulinex defendants, which in turn, warranted further discovery and precluded the immediate filing of a note of issue. Further, it was an improvident exercise of discretion to deny plaintiff's motion to compel discovery and to deny leave to file an amended complaint (*see, Prote Contr. Co. v Board of Educ.*, 249 AD2d 178). Plaintiff's one or two month delay in seeking amendment to add the Moulinex defendants was not inordinate, particularly since discovery requests pertaining to those entities were still outstanding. Plaintiff's motion to strike defendants' 90-day notice should have been granted where there was no prejudice to defendants, the delinquency was due to the failure of defendants to provide disclosure, and plaintiff demonstrated a meritorious action.

Similarly, the IAS Court erred in dismissing Action No. 2. It was an improvident exercise of discretion to deny plaintiff consolidation of the actions when both actions involve the identical set of facts, seek the same relief, and there is no evidence that any party will be prejudiced by the consolidation (*Firequench, Inc. v Kaplan*, 256 AD2d 213). Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.