■ DARRELL McGUIRE et al., Appellants, v TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN et al., Respondents. TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN, Sued Herein as TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Third-Party Plaintiff-Respondent, v OTIS ELEVATOR COMPANY, Third-Party Defendant-Respondent. OTIS ELEVATOR COMPANY, Second Third-Party Plaintiff-Respondent, v NORTH BERRY STRUCTURES, INC., Second Third-Party Defendant-Respondent. OTIS ELEVATOR COMPANY, INC., Third Third-Party Plaintiff-Respondent, v INSPECO, INC., Third Third-Party Defendant-Respondent. [712 NYS2d 522] —Order, Supreme Court, New York

County (Sheila Abdus-Salaam, J.), entered February 7, 1999, which denied plaintiffs' motion to vacate the CPLR 3404 dismissal of this consolidated construction site injury/medical malpractice action for failure to restore it to the trial calendar within one year after the Note of Issue had been stricken, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, plaintiffs' motion granted, the CPLR 3404 dismissal vacated, and the action restored to the trial calendar. Appeal from order, same court and Justice, entered November 22, 1999, which denied plaintiffs' motion to renew and reargue, unanimously dismissed, without costs.

Plaintiff, an employee of Otis Elevator Company, commenced this action in New York County in 1990 claiming damages for a personal injury suffered while working on a construction site where defendant Tishman Construction Corporation of Manhattan was the general contractor. Plaintiff allegedly injured his back when he tripped over a portion of a reinforcing bar protruding above the level of a concrete floor. Subsequently, after seeking treatment for the injury from defendant Dr. Ringel, who is alleged to have surgically removed the wrong disc from his back, plaintiff commenced a medical malpractice action against the doctor in Bronx County in 1991. The two actions were consolidated in New York County in 1993. The three third-party actions, between Tishman and Otis, Otis and the concrete subcontractor, and Otis and the supervisor of the construction site, were commenced in 1990, 1993 and 1994, respectively. On January 15, 1998, the consolidated action was dismissed by the clerk of the court, pursuant to CPLR 3404, on the ground that it had been stricken from the trial calendar by a prior order of the court and was not restored within one year. Thereafter, a motion to vacate the clerk's dismissal was denied. This was error.

Given the totality of the circumstances here, the motion court improvidently exercised its discretion in denying vacatur of the CPLR 3404 dismissal at issue (*see, Ronsco Constr. Co. v 30 E. 85th St. Co.*, 219 AD2d 281). Plaintiffs sufficiently demonstrated that their case was meritorious, that they had a reasonable excuse for the delay, that there was no intent to abandon the matter, and that there was no prejudice to the opposing parties (*see, Ramputi v Timko Contr. Corp.*, 262 AD2d 26; *Nicholos v Cashelard Rest.*, 249 AD2d 187; *see also, Ware v Porter*, 227 AD2d 214).

The record provides ample evidence that plaintiffs intended at all times to prosecute their action. From the date the Note of Issue was stricken, March 24, 1995, until February 5, 1999,

when the court denied plaintiffs' final motion to vacate the dismissal, plaintiffs engaged in a considerable amount of discovery, filed a motion to restore the case to the trial calendar, complied with the court's conditional order of dismissal by taking prompt action to expedite and complete discovery, engaged in settlement discussions with several of the defendants, and filed the motion to vacate the dismissal. In fact, a good portion of the delay here was occasioned by the court's in camera inspection of allegedly privileged records.

The opposing parties' allegations of prejudice were boilerplate and were belied by the fact that the key witnesses had been deposed (*see, Goodstein Constr. Corp. v City of New York*, 248 AD2d 166). Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.