■ SANDS BROTHERS & CO., LTD., Respondent, v GENEREX PHARMACEUTICALS, INC., et al., Appellants. [720 NYS2d 450] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered May 2, 2000, which, pursuant to an order entered March 20, 2000, had granted the petition to confirm an arbitration award against respondent Generex Biotechnology Corp. (GBC), and denied the cross motion of both respondents Generex Pharmaceuticals (GPI) and GBC to dismiss the petition and vacate the arbitration award, unanimously modified, on the law, to vacate that portion of the award directing the issuance of stock warrants to the petitioner, and remand the matter to the original arbitration panel for a final and definite award with respect to such relief or its equivalent, and otherwise affirmed, without costs.

Our modification is directed at the following provision of the arbitration panel's unanimous award, rendered on or about September 24, 1999: "The panel also hereby issues the declaratory judgment that [GBC] shall take all necessary action to issue to Sands Brothers warrants to purchase the amount of shares of common stock of [GBC] as would equal 17% of the 9,000,118 shares of common stock of [GPI] as at October 12, 1997, that being 1,530,020 shares, pursuant to and in accordance with the terms and provisions of Section E, 'Equity Participation', of the [October 1997] Agreement."

In this respect the award tracks a provision of the agreement providing equity participation compensation to petitioner for its banking and financial services to respondents where the number, price and exercise period of the warrants are specifically set forth. However, in our view, neither the panel nor the IAS Court adequately addressed the following paragraph contained in the same Section E of the agreement: "The War-

rants shall contain such terms and conditions as are satisfactory in form and substance to Sands Brothers, the Company and their respective counsel, including, without limitation, anti-dilution and registration provisions."

Neither this award nor the judgment confirming it provides any guidance as to how the unstated terms and conditions of the warrants "satisfactory in form *and substance*" are to be resolved, other than by agreement of the parties and their respective counsel. An arbitration award that fails to settle the dispute, "relegating the parties to new controversies or future litigations in order to ascertain their rights," is deemed to be "so imperfectly executed" as not to constitute "a final [and] definite award upon the subject matter submitted," within the meaning of the Federal Arbitration Act (9 USC § 10 [a] [4]) and CPLR 7511 (b) (1) (iii) (*Johnston v Johnston*, 161 AD2d 125, 127, *amended* 162 AD2d 282, *lv dismissed* 76 NY2d 1018; *see also, Matter of Wolff & Munier [Diesel Constr. Co.]*, 41 AD2d 618).

Thus, the portion of the award directing GBC to issue stock warrants to petitioner is too indefinite to be enforceable. Under these circumstances, 9 USC § 10 (a) (5) and CPLR 7511 (d) provide that the matter may be remanded for a supplemental hearing before the arbitrators for determination of any issues requiring further disposition (*Johnston v Johnston, supra; Matter of Wolff & Munier [Diesel Constr. Co.], supra; Matter of Brooklyn Eagle v McManus*, 272 App Div 933). Here, the panel may consider a new remedy (possibly an award of monetary damages) to take the place of the unenforceable portion of the award. The panel may also adhere to the stock warrant remedy if it should explicitly find, based upon competent proof, that all that remain open are boilerplate provisions established by custom and usage in the financial community. Such a course is not open to us on the present record.

The balance of the award granting monetary relief pursuant to other provisions of the agreement was properly confirmed, however, and need not be disturbed. (*See, Johnston v Johnston, supra; Matter of Wolff & Munier [Diesel Constr. Co.], supra.*)

We have considered respondents-appellants' remaining objections to other aspects of the award and find them to be without merit. Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.