■ In the Matter of the Arbitration between UBS WARBURG LLC et al., Respondents, and AUERBACH, POLLACK & RICHARDSON,

Inc., Appellant. [744 NYS2d 364] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 11, 2001, which granted petitioners' application to vacate an arbitration award of the New York Stock Exchange, dismissed with prejudice the claims of respondent Auerbach, Pollack & Richardson, Inc. (Auerbach) for consequential damages and attorneys' fees, and remanded for a new arbitration proceeding on actual damages unless Auerbach consented to the actual damages awarded by the arbitrators, unanimously affirmed, with costs.

Supreme Court properly determined that the two-member majority of the arbitral panel manifestly disregarded the applicable law, encompassed in Securities and Exchange Commission rule 15c3-1 (17 CFR 240.15c3-1), the minimum net capital rule, pursuant to which both parties were required to charge against their net capital the losses arising from their unwitting sale of invalid securities, which resulted in Auerbach's falling below its minimum net capital requirement and consequent need temporarily to cease its operations (*see, Matter of Gerhauser*, 1998 WL 767091, 1998 SEC LEXIS 2402 [Administrative Proceeding File No. 3-9519; Nov. 4, 1998]). The lack of discussion of the governing rule by the arbitrators, when considered in conjunction with one of the majority panelists' statement that she would not read the applicable cases and regulatory authorities, supports the court's conclusion that the arbitrators overtly disregarded the law, and did not merely misinterpret it in finding that petitioner's demand for payment for replacing the shares, as opposed to the legal requirement that the shares be replaced, led to respondent's need to take a charge against its net capital.

The arbitrators also erred in awarding attorneys' fees and expenses to Auerbach, since such an award was beyond their authority. The parties' agreement, governed by New York law, entitled only petitioners to attorneys' fees; there was no reciprocal provision in Auerbach's favor (*see, Matter of Tabori & Chang [Stewart]*, 282 AD2d 385, *lv denied* 96 NY2d 718). Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.