■ SANDS BROTHERS & Co., LTD., Appellant-Respondent, v GENEREX PHARMACEUTICALS, INC., et al., Respondents-Appellants. [749 NYS2d 17] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about February 28, 2002, which denied claimant's motion to confirm an arbitration award, granted respondents' motion to vacate the award and remanded the issue of arbitrator disqualification to the New York Stock Exchange, de novo, to consider whether potentially conflicted panel members should be disqualified, unanimously modified, on the law and the facts, to remand the issue of damages to a new panel of arbitrators, and otherwise affirmed, without costs.

In issuing the subject arbitration award, the panel failed to comply with this Court's directive regarding consideration of the third paragraph of section E of the parties' agreement (*see Sands Bros. & Co. v Generex Pharms.*, 279 AD2d 377) when it awarded stock warrants without first finding, based upon competent proof, that all that remained open for the parties to negotiate were boilerplate provisions established by custom and usage in the financial community. Our directive was binding on the panel and the overt failure of the panel to comply therewith constitutes grounds for vacatur of the panel's award (*see Matter of UBS Warburg [Auerbach, Pollack & Richardson]*, 294 AD2d 245, *lv dismissed* 98 NY2d 728). In any event, Supreme Court properly determined that the award was totally irrational (*see Matter of Loiacono v Nassau Community Coll.*, 262 AD2d 485, *lv denied* 94 NY2d 753), since claimant submitted a draft warrant agreement to the respondents after executing the Engagement Letter, which contained terms not included in the parties' initial agreement, and claimant's own expert testified that there were terms contained therein which were still open and were not boilerplate. In addition, after claimant obtained the initial arbitration award, its counsel wrote to respondents demanding items contained in the draft warrant agreement.

In light of the fact that the presently ordered remand is the second and that questions arose as to whether two of the arbitrators from the original panel had conflicts of interest, we remand the issue of damages to a new panel of arbitrators (*see Bell Aerospace Co. Div. of Textron, Inc. v Local 516, Intl. Union,*

*United Auto., Aerospace & Agric. Implement Workers of Am. [UAW]*, 500 F2d 921, 925), which is to be limited to reliance damages and not include an award of lost profits (*see Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 373).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Sullivan, Rosenberger and Lerner, JJ.