■ In the Matter of Arbitration between PROGRESSIVE INSURANCE COMPANY, Petitioner, and JOSE VASQUEZ et al., Respondents, and COUNTRYWIDE INSURANCE COMPANY, Appellant. (Action No. 1.) ANAIT KILADZE et al., Respondents, v COUNTRYWIDE INSURANCE COMPANY, Appellant, et al., Defendants. (Action No. 2.) [782 NYS2d 21]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered on or about December 9, 2003, which denied the motion of Countrywide Insurance Company to consolidate these actions for joint trial, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the two actions consolidated for the purpose of joint trial.

CPLR 602 (a) gives the trial court discretion to consolidate actions involving common questions of law or fact. Although great deference is to be accorded to the motion court's discretion (*see Matter of Hill v Smalls*, 49 AD2d 724 [1975], *appeal dismissed* 38 NY2d 893 [1976]), there is a preference for consolidation in the interest of judicial economy and ease of decision-making where there are common questions of law and fact, unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right (*Raboy v McCrory Corp.*, 210 AD2d 145, 147 [1994]; *Firequench, Inc. v Kaplan*, 256 AD2d 213 [1998]).

Kiladze, as the party opposing consolidation, has not demonstrated prejudice to a substantial right. Despite her contention that resolution of her claim will require "painstaking discovery" which has just begun, the evidentiary issues in her action are not complex, and, further, there is no reason to believe that relevant documents exist other than those that have already been ordered to be produced (*see McGuire v Tishman Constr. Corp.*, 275 AD2d 249, 251 [2000]). Moreover, any prejudice attributable to the different procedural stages to which the two actions have progressed may be avoided by affording an opportunity to complete disclosure on an expedited basis (*see Collazo v City of New York*, 213 AD2d 270 [1995]; *see also Fisher 40th & 3rd Co. v Welsbach Elec. Corp.*, 266 AD2d 169, 170 [1999]; *Morell v Basa*, 300 AD2d 134 [2002]).

The existence of an order removing Kiladze as a respondent in Action No. 1 does not warrant a different result. Consolidation would not "undo" the court's prior order, inasmuch as Kiladze would not become a respondent in Action No. 1; it would merely render Kiladze a participant in a joint trial in which her case against Countrywide would be heard at the same time as would be Progressive's case against Countrywide. Nor is there merit in Kiladze's claim that her failure to more fully participate in Action No. 1 would prejudice her if the actions were consolidated, particularly in light of Countrywide's undisputed assertion that nothing significant has transpired in that action since she was removed from it (*see Buechel v Bain*, 97 NY2d 295, 300 [2001], *cert denied* 535 US 1096 [2002]).

In the absence of a showing of how consolidation would prejudice a substantial right of Kiladze, and in view of the showing of the possibility of inconsistent verdicts which would prejudice Countrywide if the cases were not consolidated, the denial of Countrywide's motion to consolidate constituted an improvident exercise of discretion (*see Phoenix Garden Rest. v Chu*, 202 AD2d 180 [1994]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Friedman, JJ.