■ STEPHEN B. SAWTELLE, Appellant, et al., Petitioner, v WADDELL & REED, INC., et al., Respondents, et al., Respondents. [801 NYS2d 286]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered January 29, 2004, which, after this Court's vacatur of the punitive damages award in the initial arbitration and remand to the same panel, inter alia, granted respondents' cross motion to vacate a second award of punitive damages and remanded the matter to a new panel, and order and judgment (one paper), same court and Justice, entered December 2, 2004, which denied petitioner's motion to modify the prior order and judgment to direct a conditional remittitur, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 9, 2004, which, inter alia, denied reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

In a previous arbitration proceeding, respondent Waddell &

Reed was found to have conducted a campaign to malign the reputation of petitioner Sawtelle, its former employee of 17 years, by soliciting complaints from his clients and insinuating ethical violations and complicity in criminal misconduct. There is evidence that Waddell & Reed offered improper incentives such as fee waivers to elicit customer complaints, rerouted petitioner's mail and telephone calls, sent letters to his clients warning of potential tax liability and fees attendant upon moving their accounts and represented to the National Association of Securities Dealers that petitioner was under investigation by regulatory bodies and subject to internal review for fraud and other misconduct.

On the prior appeal (304 AD2d 103 [2003]), this Court affirmed the award of compensatory damages, as corrected by Supreme Court, in the amount of $1,080,499, remanding the matter to the arbitration panel for reconsideration of the excessive punitive damages award of $25 million in view of *BMW of North America, Inc. v Gore* (517 US 559 [1996]). The arbitration panel has now issued a determination containing an identical exemplary damages award, differing only in that Waddell & Reed's conduct, formerly described as a "campaign of deception," is now characterized as a "horrible campaign of deception, defamation and persecution."

The award is in contravention of this Court's previous decision and cannot stand. The addition of four words by way of explanation amounts to no more than cosmetic, pretextual gloss. While arbitrators, on remand, may provide a new explanation for their initial decision (*see Matter of Roffler v Spear, Leeds & Kellogg*, 13 AD3d 308 [2004]) and need not explain their award, neither principle insulates the punitive damages awarded under the instant circumstances. Where an award has been vacated on the ground that it is in manifest disregard of the law (*see Halligan v Piper Jaffray, Inc.*, 148 F3d 197, 204 [2d Cir 1998], *cert denied* 526 US 1034 [1999])—here, because it is grossly disproportionate to any actual harm sustained by petitioner— arbitral prerogative does not permit a panel to ignore the ruling and obdurately issue an identical determination. We note that despite Waddell & Reed's malicious efforts, petitioner retained the bulk of his clients and former income. An award of punitive damages that is some 23 times actual damages is irreconcilable with prevailing authority and can only be construed as arbitrary (*see State Farm Mut. Automobile Ins. Co. v Campbell*, 538 US 408, 418 [2003]).

Supreme Court properly denied petitioner's motion for an order remitting the matter to a new panel unless the parties stip-

ulated to the amount to be awarded. Upon a motion on an arbitration award, a court is restricted to confirming the award (CPLR 7510), vacating the award (CPLR 7511) or modifying the award to correct a ministerial defect or other matter not affecting the merits of the controversy (CPLR 7511 [c]). Conditional remittitur constitutes a modification that fundamentally affects the merits, transcending the minimal role assigned to the courts in supervising arbitration practice (*see Matter of Wertlieb [Greystone Partnerships Group]*, 165 AD2d 644, 646 [1991]). Finally, petitioner's assertion that unconditional remand to a new panel will unduly protract the proceedings is unfounded since the arbitrators may review the same submissions considered by the initial panel. Concur—Tom, J.P., Marlow, Ellerin and Catterson, JJ.