■ In the Matter of JACK J. GRYNBERG et al., Appellants-Respondents, v BP EXPLORATION OPERATING COMPANY LIMITED et al., Respondents-Appellants. [938 NYS2d 439]—

The arbitrator's failure to determine the nature of the disputed payment warrants the vacatur of award four. Petitioners claim that this payment constituted a bribe. Respondents assert it was a bona fide cost of doing business. We remand for the arbitrator to determine the nature of the payment. Contrary to the arbitrator's finding, deducting a payment intended to be a bribe to a public official is unenforceable as violative of public policy (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *Matter of Crosstown Operating Corp. [8910 5th Ave. Rest.]*, 191 AD2d 384 [1993]; Penal Law art 200).

We reject petitioners' argument that the arbitrator was required to hear expert valuation evidence related to award two and deemed important by petitioners; the arbitrator's findings of fact rendered such evidence moot (*New York State Correctional Officers & Police Benevolent Assn.*, 94 NY2d at 326 ["even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice"]). Therefore, any failure by the arbitrator to consider such evidence neither renders the final award incomplete nor constitutes misconduct under CPLR 7511.

The arbitrator's imposition of the $3 million award in sanctions against Jack Grynberg (award 11) was punitive in nature, regardless of the label attached. Accordingly, the award violated public policy and was properly vacated (*see Garrity v Lyle Stuart, Inc.*, 40 NY2d 354, 356 [1976]; *Matter of MKC Dev. Corp. v Weiss*, 203 AD2d 573, 574 [1994]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.