In the Matter of JACK J. GRYNBERG et al., Appellants, v BP EXPLORATION OPERATING COMPANY LIMITED et al., Respondents. [965 NYS2d 463]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 14, 2012, denying petitioners' motion to disqualify the arbitrator from any further participation in two arbitrations on the grounds of partiality and bias, and to stay the arbitrations pending his replacement, and order, same court and Justice, entered December 3, 2012, which denied petitioners' motion to renew, unanimously affirmed, without costs.

Petitioners waived any claim for disqualification of the arbitrator on the ground of bias by failing to identify in their prior notice of appeal Supreme Court's effective denial of the part of their cross motion that sought to discharge the arbitrator (*Matter of Grynberg v BP Exploration Operating Co. Ltd.*, 92 AD3d 547 [2012]; *see Torres v City of New York*, 41 AD3d 312 [1st Dept 2007]). Petitioners contend that they did not waive the claim for disqualification because, although they indicated in their cross motion that they sought the discharge of the arbitrator, they advanced no arguments in support thereof, and the court did not expressly address the issue. To the contrary, by failing to make any arguments as to the arbitrator's alleged partiality during the confirmation proceeding, petitioners waived that challenge.

In view of the foregoing, we need not address petitioners' contention that the arbitrator exhibited either actual bias or the appearance of bias. In any event, we have considered this contention and find it without merit. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.