■ In the Matter of JACK J. GRYNBERG et al., Respondents, v BP EXPLORATION OPERATING COMPANY LIMITED et al., Appellants. [7 NYS3d 125]—

Order and judgment (one paper), Supreme Court, New York County (Cynthia S. Kern, J.), entered April 8, 2014, to the extent appealed from, remanding the matter to a three-member arbitration panel pursuant to CPLR 7511 (d), and order and judgment (one paper), same court and Justice, entered July 23, 2014, to the extent appealed from, consolidating respondents' arbitrations and disqualifying arbitrator Stephen A. Hochman from serving as an arbitrator at the consolidated proceeding or with respect to any other existing disputes between the parties arising under the applicable agreements, unanimously affirmed, without costs.

In a prior appeal, this Court vacated the portion of arbitrator Hochman's award as to the claims between petitioners and respondent BP Exploration Operating Company Limited (BPX) on the issue of "signature payment bonuses," and remanded the matter to Hochman to consider and determine "the nature of the payment" made by BPX, stating, "Contrary to the arbitrator's finding, deducting a payment intended to be a bribe to a public official is unenforceable as violative of public policy" (92 AD3d 547 [1st Dept 2012]). Upon remand, Hochman, despite indicating that he understood the order, refused to determine the nature of the signature bonus payments. Instead, he asserted his disagreement with this Court's legal conclusion and even with its authority. The arbitrator's explicit failure to follow the clear directive of this Court warrants vacatur of the new award and remand to a new arbitrator (*see Matter of Social Servs. Empls. Union Local 371 v City of N.Y. Admin. for Children's Servs.*, 100 AD3d 422 [1st Dept 2012]; *Sawtelle v Waddell & Reed, Inc.*, 21 AD3d 820 [1st Dept 2005], *lv dismissed* 6 NY3d 750 [2005]; *Sands Bros. & Co. v Generex Pharms.*, 298 AD2d 307 [1st Dept 2002], *lv denied* 6 NY3d 703 [2006]). As the parties' agreements provide for a three-member arbitration panel to hear their disputes should this specifically named arbitrator be unable or unwilling to preside, Supreme Court properly remanded the matter for the parties to select the panel pursuant to the agreement (*see* CPLR 7511 [d]).

The court properly granted petitioners' motion to consolidate the remanded BPX arbitration with the full arbitration of the Statoil ASA claims, since common questions of law and fact are involved, and separate arbitrations might result in inconsistent rulings (*see* CPLR 602 [a]; *Matter of Kallas v Milberg Weiss LLP*, 61 AD3d 451, 452 [1st Dept 2009]). In opposition, Statoil did not meet its burden to show that consolidation would prejudice its substantial rights (*see Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia]*, 26 NY2d 157 [1970], *cert denied* 400 US 819 [1970]; *Matter of Materials Int., Div. of Synthane Taylor Corp. [Manning Fabrics]*, 46 AD2d 627, 628 [1st Dept 1974]).

We have considered respondents' remaining arguments and find them unavailing. Concur—Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ.