Quik Park 808 Garage LLC v 808 Columbus Commercial Owner LLC (2021 NY Slip Op 06457)





Quik Park 808 Garage LLC v 808 Columbus Commercial Owner LLC


2021 NY Slip Op 06457


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 159396/19 Appeal No. 14662 Case No. 2021-00784 

[*1]Quik Park 808 Garage LLC, Plaintiff-Appellant,
v
808 Columbus Commercial Owner LLC, Defendant-Respondent.


Newman Ferrara LLP, New York (Jarred I. Kassenoff of counsel), for appellant.
Cullen & Associates, P.C., New York (Kevin D. Cullen of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.) entered February 5, 2021, which granted defendant's motion pursuant to CPLR 602(a) to consolidate this action with two other actions, unanimously affirmed, with costs.
The motion court providently ordered the consolidation of this action with two other Yellowstone actions under CPLR 602 (a). Provided that the statutory requirements are met, "great deference is to be accorded to the motion court's discretion" and "there is a preference for consolidation in the interest of judicial economy. . .unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right" (Matter of Progressive Ins. Co. [Vasquez-Countrywide Ins. Co.], 10 AD3d 518, 519 [1st Dept 2004] [internal citations omitted]).
Here, plaintiff tenant commenced this action seeking a Yellowstone injunction and other declaratory and injunctive relief following defendant landlords' service of a default notice on it, alleging, among other things, that plaintiff was in breach of its lease requiring nonparty Rafael Llopiz or his family to maintain a certain percent interest in it. Consolidation of the three actions was appropriate. The plaintiffs in the other two Yellowstone actions are essentially identical to plaintiff here. In addition to the common identity of the parties, all three actions involve the factual dispute over nonparty Llopiz's required ownership interest, and common causes of action against each defendant.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021