**Ghanem v New York State Indus. For Disabled, Inc.**

2024 NY Slip Op 32589(U)

July 24, 2024

Supreme Court, New York County

Docket Number: Index No. 653612/2022

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. EMILY MORALES-MINERVA**          PART          **42M**

*Justice*

----------------------------------------------------------------X

MOHAMED GHANEM,

                      Plaintiff,

              - v -

NEW YORK STATE INDUSTRIES FOR DISABLED,
INC.,NEW YORK CITY TRANSIT AUTHORITY ,
DEPARTMENT OF SUBWAYS, MAINTENANCE OF WAY
PROCUREMENT

                    Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653612/2022 |
| **MOTION DATE** | 05/22/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for          CONSOLIDATE/JOIN FOR TRIAL          .

APPEARANCES:

      The Law Office of Gary S. Fish, New York, New York (Gary S. Fish, Esq., of counsel) for Plaintiff.

      Hardin Kundla McKeon & Poletto P.A., New York, New York (David C. Blaxill Esq., of counsel), for Defendant New York State Industries for Disabled, Inc.

HON. EMILY MORALES-MINERVA:

      This is an action to recover damages for injuries sustained by Plaintiff, Mohamed Ghanem ("Ghanem"), due to an alleged breach of contract by defendants for their failure to clean and disinfect the subway station at 149th Street and Grand Concourse in Bronx, New York. The action was commenced on October 8, 2021 against defendant ACA Industries, Inc. d/b/a American Maintenance, Inc. ("ACA"), et al. in Bronx County, New York, pursuant to Index No.

[* 1]

813725/2021E ("Action 1").[1] On December 14, 2021, the Honorable Mitchell J. Danziger (J.S.C., Bronx County) transferred the matter to New York County under Index No. 450089/2022 (NY St Elec Filing [NYSCEF] Doc. No. 34, Stipulation, Action 1).[2] On September 30, 2022, Ghanem commenced the instant action against Defendant New York State Industries for Disabled, Inc. ("NYSID"), et al. pursuant to Index No. 653612/2022 ("Action 2").

In his complaints, Ghanem alleges that New York City Transit Authority entered into contracts with ACA and NYSID, wherein ACA and NYSID agreed to clean, disinfect, and treat New York City subway stations (NYSCEF Doc. No. 002, Complaint, Action 1; NYSCEF Doc. No. 002, Complaint, Action 2). It is Ghanem's position that, as a business invitee of the NYC subway system, he was an intended third-party beneficiary of these contracts, and on June 13, 2020, the contract was breached when he slipped, fell, and sustained electrocution injuries to his left arm as a result of defendants' failure to properly clean the subway station platform. (id.).

On May 22, 2024, Defendant NYSID moved pursuant to CPLR § 602 for a consolidation order, requesting that Action 2 be consolidated with Action 1 (NYSCEF Doc. No. 31, Defendant NYSID's motion to

---

[1] The matter was discontinued against Defendant Fleetwash, Inc. on January 8, 2024 (NYSCEF Doc. No. 101, Action 1).
[2] On July 15, 2024, the Honorable Lisa S. Headley (J.S.C.) issued an order reassigning Action 1 to this jurist (NYSCEF Doc. No. 156, Action 1). Accordingly, both Action 1 and 2 are pending before this jurist.

653612/2022   GHANEM, MOHAMED vs. NEW YORK STATE INDUSTRIES FOR DISABLED, INC.   Page 2 of 5
ET AL
Motion No. 002

INDEX NO. 653612/2022
RECEIVED NYSCEF: 07/25/2024

consolidate, Action 2). In support, Defendant NYSID argues that the actions arise from the same incident and involve common questions of law and fact (id.). Ghanem submits an affirmation in support, in which he joins in Defendant NYSID's application (NYSCEF Doc. No. 42, Ghanem's Affirmation in Support of Motion to Consolidate, Action 2).

"It is well settled that there is a preference of consolidation in the interest of judicial economy where there are common questions of law and fact . . ." (Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]; see Raboy v McCrory Corp., 210 AD2d 145 [1st Dept 1994]; Grynberg v BP Expl. Operating Co., 127 AD3d 553 [1st Dept 2015]). "Consolidation is mandated by judicial economy where two lawsuits are intertwined with common questions of law and fact" (Teitelbaum v PTR Co., 6 AD3d 254, 255 [1st Dept 2004]).

The verified complaints in both Action 1 and Action 2 allege that "on or about June 13, 2020, on or near underground subway station, 149th and Grand Concourse, Bronx, NY . . . plaintiff was caused to slip and fall and sustained electrocution injuries to his left arm, on the 3rd rail" (NYSCEF Doc. No. 002, Complaint, Action 1; NYSCEF Doc. No. 002, Complaint, Action 2). In their respective complaints, Plaintiff alleges that defendants, NYSID and ACA, contracted with New York City Transit Authority to clean and disinfect the subway stations, and Plaintiff was injured

because the subway platform was not properly cleaned, as contractually required. (id). These two actions arise out of the same incident with the same injuries sustained therein, the parties to each possess knowledge and information relevant to the claim in the other, and witnesses in each case will be almost identical (see Firequench, Inc. v Kaplan, 256 AD2d 213 [1st Dept 1998]). Therefore, since common questions of law and fact are involved, consolidation is appropriate.

Further, although only Defendant NYSID moved to consolidate the actions, the parties agree that the actions raise common issues of law and fact, and Plaintiff supports, and joins in, the request for consolidation. Discovery remains outstanding in both matters, and there is no deadline set at this point for note of issue to be filed. Thus, in the interest of judicial economy, the motion to consolidate (seq. no. 002) is granted.

Accordingly, it is hereby:

ORDERED that Defendant NYSID's motion to consolidate (seq. no. 002) is granted;

ORDERED that Mohamed Ghanem v New York State Industries for Disabled, Inc., et al., Index No. 653612/2022 is hereby consolidated with Mohamed Ghanem v ACA Industries, Inc. d/b/a American Maintenance, Inc., et al., Index No. 450089/2022;

653612/2022   GHANEM, MOHAMED vs. NEW YORK STATE INDUSTRIES FOR DISABLED, INC.   Page 4 of 5
ET AL
Motion No. 002

4 of 5

ORDERED that all documents electronically filed via NYSCEF in Ghanem, Index No. 653612/2022 are hereby incorporated into Ghanem, Index No. 450089/2022, and the Clerk of New York County is directed to consolidate the file assigned Index No. 653612/2022 into the file assigned Index No. 450089/2022;

ORDERED that the pleadings in each action shall stand as the pleadings in the consolidated action; and

ORDERED that both matters are scheduled for a virtual Status Conference on September 9, 2024, at 11:30 A.M. in Part 42.

This constitutes the decision and order of the court. Notify parties.

7/24/2024
**DATE**

EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653612/2022   GHANEM, MOHAMED vs. NEW YORK STATE INDUSTRIES FOR DISABLED, INC.**
**ET AL**
**Motion No.  002**

**Page 5 of 5**

5 of 5