| |
|---|
| **Jones v City of New York** |
| 2025 NY Slip Op 31420(U) |
| April 22, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154355/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    **HON. HASA A. KINGO**                         **PART**                          **05M**

                                                           *Justice*

---------------------------------------------------------------------------X

DARYL JONES,

                                          Plaintiff,

                         - v -

THE CITY OF NEW YORK, THE NEW YORK CITY
SANITATION DEPARTMENT, CHRISTINA PEDUTO,
KOSHAEV AZAMAT, BAKHODUR TADJIEV,

                                          Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154355/2024 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to                             CONSOLIDATE                            .


Plaintiff DARYL JONES moves, pursuant to CPLR § 602(a), for an order fully consolidating five actions arising from the same October 3, 2023 multi-vehicle collision on East 102nd Street at Lexington Avenue, New York County, for all purposes—including discovery and trial. The actions are:

- **Action 1:** *Daryl Jones v. The City of New York, The New York City Sanitation Department, Christina Peduto, Koshaev Azamat, and Bakhodur Tadjiev*, Index No. 154355/2024
- **Action 2:** *Bakhodur Tadjiev v. The City of New York and Christina Peduto*, Index No. 452774/2024
- **Action 3:** *Kristen Johnson Sirrine v. Christina Peduto, The City of New York, and The New York City Sanitation Department*, Index No. 156721/2024
- **Action 4:** *Saha Rajan v. The City of New York, The New York City Sanitation Department, Christina Peduto, Koshaev Azamat, and Bakhodur Tadjiev*, Index No. 157088/2024
- **Action 5:** *Charles Starke v. The City of New York, Christina Peduto, Tadjiev Bakhodur, Koshaev Azamat, and Daryl K. Jones*, Index No. 158985/2024

Defendants in Action 3 oppose consolidation, contending that its unique procedural posture renders joint discovery inappropriate.

## BACKGROUND

[* 1]

On October 3, 2023, a New York City sanitation vehicle reversed into multiple vehicles parked or moving on East 102nd Street at Lexington Avenue. Each plaintiff commenced a separate tort action:

- **Action 1 (154355/2024):** Filed May 9, 2024 in New York County; answers by City, Sanitation Department, Peduto (6/8/24 & 8/14/24) and by Azamat & Tadjiev (7/12/24).
- **Action 2 (452774/2024):** Filed June 12, 2024 in Queens County; transferred to New York County on October 8, 2024; answer by City & Peduto on July 15, 2024.
- **Action 3 (156721/2024):** Filed July 24, 2024 in New York County; answer by Peduto, City, and Sanitation Department on August 22, 2024. Plaintiff Sirrine was granted summary judgment on liability on April 21, 2025.
- **Action 4 (157088/2024):** Filed August 3, 2024 in New York County; answers by City, Sanitation Department, Peduto (8/22/24) and by Azamat & Tadjiev (10/4/24).
- **Action 5 (158985/2024):** Filed September 27, 2024 in New York County; answers by City & Peduto (11/21/24 & 1/10/25) and by Azamat & Tadjiev (11/26/24).

All actions arise from the same collision and implicate common questions of fact and law—vehicle positions, driver conduct, causation, and liability.

## ARGUMENT

Under CPLR § 602(a), this court "may at any stage … consolidate actions involving a common question of law or fact." Courts favor consolidation to promote judicial economy, avoid duplicative proceedings, and prevent inconsistent rulings (*see Progressive Ins. Co. v. Vasquez*, 10 AD3d 518 [1st Dept 2004]; *Cusumano v. Cusumano*, 114 AD3d 633 [2d Dept 2014]). Consolidation for discovery is especially appropriate where depositions, document demands, and expert disclosures overlap.

However, consolidation may be refused where it "will prejudice a substantial right" of a party (*Progressive Ins.*, supra). Here, plaintiff Sirrine has already received a decision granting her summary judgment on the issue of liability. Forcing her into joint discovery with four other matters—each involving distinct liability issues of parked versus moving vehicles and separate damages experts—would delay resolution of her case and impose irrelevant discovery burdens.

## DISCUSSION

### I. Consolidation of Actions 1, 2, 4, and 5 for Joint Discovery

Actions 1, 2, 4, and 5 involve identical factual scenarios: impact of the sanitation vehicle upon various cars, shared liability defendants, and overlapping factual issues such as vehicle speed, impact sequence, and driver observations. Joint discovery will avoid redundant depositions of common witnesses (e.g., the sanitation driver, police officers, City representatives), streamline document production regarding maintenance logs and vehicle telemetry, and reduce costs. Defendants do not identify any prejudice from limited consolidation for discovery, and indeed join in requesting judicial economy.

**154355/2024   JONES, DARYL vs. THE CITY OF NEW YORK ET AL**                **Page 2 of 4**
**Motion No.  001**

[* 2]

2 of 4

## II.     Exclusion of Action 3 from Joint Discovery

Action 3 stands apart: plaintiff Sirrine has been granted summary judgment on the issue of liability. Her case will therefore focus solely on causation and damages—matters that will require her own medical experts, separate from those in the four other actions. Joint discovery would force her to participate in extensive, irrelevant inquiries regarding issues already resolved or wholly inapplicable to her parked-vehicle claim. That would prejudice her "substantial right" to prompt resolution of her liability motion and efficient handling of her damages case.

## III.     Deferred Decision on Joint Trial

While consolidation for discovery is warranted now, the parties are not yet ready for joint trial. Trial consolidation requires careful coordination of scheduling, expert disclosures, and calendaring. It is therefore appropriate to defer decision on joint trial until the consolidated actions—particularly Actions 1, 2, 4, and 5—are ripe for placement on the trial calendar. At that juncture, the parties may renew their motion with a clear record of readiness and precise proposals for joint trial logistics.

Accordingly, it is hereby

ORDERED that that Actions 1, 2, 4, and 5—namely:

- o   *Daryl Jones v. The City of New York, The New York City Sanitation Department, Christina Peduto, Koshaev Azamat, and Bakhodur Tadjiev* (Index No. 154355/2024);
- o   *Bakhodur Tadjiev v. The City of New York and Christina Peduto* (Index No. 452774/2024);
- o   *Saha Rajan v. The City of New York, The New York City Sanitation Department, Christina Peduto, Koshaev Azamat, and Bakhodur Tadjiev* (Index No. 157088/2024); and
- o   *Charles Starke v. The City of New York, Christina Peduto, Tadjiev Bakhodur, Koshaev Azamat, and Daryl K. Jones* (Index No. 158985/2024) are consolidated **for joint discovery only**; and it is further

ORDERED that Action 3—*Kristen Johnson Sirrine v. Christina Peduto, The City of New York, and The New York City Sanitation Department* (Index No. 156721/2024)—**shall not** be consolidated with the other actions for discovery; and it further

ORDERED that the issue of consolidation for joint trial of Actions 1, 2, 4, and 5 is **deferred**; any party may **renew** such application once the matters are ready for the trial calendar; and it is further

ORDERED that within 30 days of entry of this order, counsel for the movant shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate Actions 1, 2, 4,

**154355/2024   JONES, DARYL vs. THE CITY OF NEW YORK ET AL**                                        **Page 3 of 4**
**Motion No.  001**

3 of 4

[* 3]

and 5 for discovery purposes and mark the records accordingly to have all matters referred to the undersigned; and it is further

ORDERED that the Clerk of the Differentiated Case Management Part shall schedule the matters now joined for joint discovery for a preliminary conference in the Differentiated Case Management Part before the undersigned on the next available date.

This constitutes the decision and order of the court.

| 4/22/2025 | | | HASA A. KINGO, J.S.C. |
| DATE | | | |

**CHECK ONE:**

| | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |

**APPLICATION:**  SETTLE ORDER    SUBMIT ORDER

**CHECK IF APPROPRIATE:**  X  INCLUDES TRANSFER/REASSIGN    FIDUCIARY APPOINTMENT    REFERENCE

**154355/2024   JONES, DARYL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4