Montgomery v Manzueta (2025 NY Slip Op 03256)

Montgomery v Manzueta

2025 NY Slip Op 03256

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Kennedy, Kapnick, Gesmer, Shulman, JJ. 

Index No. 817154/22|Appeal No. 4486|Case No. 2024-03206|

[*1]Abraham A. Montgomery, Plaintiff-Respondent,
v
Ramon Manzueta, Defendant-Appellant, John Doe, etc., Defendant.

Baker, McEvoy & Moskovits, Freeport (Marjorie E. Barnes of counsel), for appellant.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered August 23, 2023, which denied the motion of defendant Ramon Manzueta to consolidate an action pending in Civil Court, Queens County, Geico Indemnity Company v Manzueta (index No. 019391/22), with the instant action for joint trial and discovery, unanimously reversed, on the law, without costs, the motion granted, and the cases consolidated.
Supreme Court improperly denied defendant's motion to consolidate the subrogation action pending in Civil Court, Queens County with this personal injury action for joint discovery and trial. In the subrogation action, the plaintiff Gieco Indemnity Company alleged that defendant Manzueta's negligence in operating his vehicle caused damage to their subrogor Abraham Montgomery's vehicle. In the instant personal injury action, plaintiff alleges that defendant Manzueta's negligence in operating his vehicle caused the collision and plaintiff's injuries. Thus, the issues of whether defendant is responsible to pay Geico, as plaintiff's subrogee, for the property damage to plaintiff's vehicle or may be held liable to plaintiff in the instant action for the injuries plaintiff allegedly sustained as a result of the same motor vehicle collision present common questions of law or fact, warranting joinder (see CPLR 602 [a], [b]; Lema v 1148 Corp., 176 AD3d 653, 654 [1st Dept 2019]; see also Raboy V McCrory Corp., 210 AD2d 145, 147 [1st Dept 1994]).
No opposition was submitted to demonstrate how consolidation would prejudice a substantial right or delay either action (see Matter of Progressive Ins. Co. [Vasquez-Countrywide Ins. Co.], 10 AD3d 518, 519 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025