**Burmicky v Ramen Meijin, Inc.**

2025 NY Slip Op 32103(U)

June 12, 2025

Supreme Court, New York County

Docket Number: Index No. 160367/2024

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**

*Justice*

------------------------------------------------------------------------------X

PATRICIA BURMICKY,

                                    Plaintiff,

                          - v -

RAMEN MEIJIN, INC.,PCS MANAGEMENT, LLC

                                    Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 05M |
| INDEX NO. | 160367/2024 |
| MOTION DATE | 05/06/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for              CONSOLIDATE/JOIN FOR TRIAL              .

Upon the foregoing documents, it is ORDERED that the motion brought by Defendant Ramen Meijin, Inc. ("RMI") to consolidate this action, Index No.: 160367/2024 (Action #2), with a related action pending in this court, the Supreme Court, New York County, bearing Index No.: 153590/2024 (Action #1) is granted without opposition. RMI argues that consolidation pursuant to CPLR § 602 is proper because both actions arise from identical facts and circumstances and involve common questions of law and fact.

CPLR §602 states that "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion … may order the actions consolidated." A motion to consolidate is addressed to the sound discretion of the trial court (*Progressive Ins. Co. v Vasquez*, 10 AD3d 518, 519 [1st Dept 2004]). "There is a preference to join cases for discovery and trial in the interests of judicial economy and ease of decision-making where there are common questions of law and fact" between the two actions involved (*Lema v 1148 Corp.*, 176 AD3d 653, 654 [1st Dept 2019]). Absent a showing of prejudice to a substantial right by a party opposing the

**160367/2024   BURMICKY, PATRICIA vs. RAMEN MEIJIN, INC. ET AL**
**Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

motion, consolidation should be granted where common questions of fact or law exist (*Lema*, 176 AD3d at 654).

Here, it is undisputed that both actions arise from an incident that purportedly occurred on June 27, 2023. Specifically, Plaintiff alleges that she was injured when she fell from her bike near 2nd Avenue between 82nd and 81st Street because of a hazardous condition in the bike lane. Thus, both actions arise out of the same accident and involve the same questions of law and fact. Additionally, there is no opposition to the motion and no showing of prejudice to a substantial right. Moreover, discovery is in its infancy and depositions have not been held. Therefore, a full consolidation of the two actions will minimize court expense, as well as the time witnesses and parties must appear, and will expedite discovery while avoiding duplicate testimony.

Accordingly, it is hereby

ORDERED that the motion is granted and the above-captioned action is consolidated in this court into PATRICIA BURMICKY vs. THE CITY OF NEW YORK, Index No. 153590/2024 (Action #1), pending in this court; and it is further

ORDERED that the consolidation shall take place under Index No. 153590/2024 (Action #1) and the consolidated action shall bear the following caption:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X     Index No.: 153590/2024
PATRICIA BURMICKY,

                                   Plaintiff,

          -against-

THE CITY OF NEW YORK, RAMEN MEIJIN, INC., and
PCS MANAGEMENT, LLC,

                                   Defendants.
------------------------------------------------------------------X

**160367/2024   BURMICKY, PATRICIA vs. RAMEN MEIJIN, INC. ET AL**                    **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

And it is further

ORDERED that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on all parties, and file same under Index No. 153590/2024 (Action #1) and Index No. 160367/2024; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the Court, who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

ORDERED that counsel for the movant shall contact the staff of the Clerk of the Court to arrange for the effectuation of the consolidation hereby directed; and it is further

ORDERED that service of this order upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that, as applicable and insofar as is practical, the Clerk of this Court shall file the documents being consolidated into Index No. 153590/2024 in the New York State Courts Electronic Filing System or make appropriate notations of such documents in the e-filing records of the court so as to ensure access to the documents in the consolidated action; and it is further

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office, who is hereby directed to reflect the consolidation by appropriately marking the court's records; and it is further

**160367/2024   BURMICKY, PATRICIA vs. RAMEN MEIJIN, INC. ET AL**
  **Motion No.  001**

Page 3 of 4

ORDERED that, within 30 days from entry of this order, movant shall serve a copy of this order with notice of entry on the County Clerk pursuant to CPLR § 8019(c), who shall consolidate the documents in the actions hereby consolidated and shall mark his records to reflect the consolidation; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office and the County Clerk shall be made in accordance with the procedures set forth in the aforesaid *Protocol*; and it is further

ORDERED that the Clerk is directed to schedule this matter for a preliminary conference in the Differentiated Case Management Part on the earliest available date, upon Plaintiff filing a request for the same.

This constitutes the decision and order of the court.

| | | | |
|---|---|---|---|
| **6/12/2025** | | | |
| **DATE** | | **HASA A. KINGO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160367/2024   BURMICKY, PATRICIA vs. RAMEN MEIJIN, INC. ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4