■ HENRIETTE PARKER, Appellant, v ELIZABETH RICH, Respondent.

In 1975, pursuant to a written lease, Ms. Henriette Parker (Ms. Parker) became the tenant of record of penthouse C (premises), which is an apartment located in 151 East 83rd Street (building), in New York County.

Sometime later, in approximately 1983, Ms. Parker orally agreed to permit Ms. Elizabeth Rich (Ms. Rich) to use the premises, but, by 1985, she disputed Ms. Rich's continued occupancy of the premises.

In 1986, when the building was being converted to cooperative ownership, both Ms. Parker and Ms. Rich submitted separate subscription agreements to the sponsor for the subject premises.

On or about July 14, 1986, Ms. Parker instituted, by petition, a summary holdover proceeding (index No. 58628/86) in the Civil Court, New York County, against Ms. Rich to recover exclusive possession of the premises. In her answer to this

proceeding, respondent Ms. Rich asserted the affirmative defense of illusory tenancy.

While this Civil Court proceeding was pending, in June 1987, petitioner commenced the instant Supreme Court action (index No. 14710/87), in New York County, against Ms. Rich for specific performance of an alleged agreement, pursuant to which, Ms. Rich had allegedly agreed to purchase from Ms. Parker "the shares allocated to the [cooperative premises] and pay to [Ms. Parker] the difference between the 'inside price' per the offering prospectus and the 'outside' market price determined by a fair appraisal". Defendant Ms. Rich served an answer to the Supreme Court action, which contained an affirmative defense, which contended that there was another action pending. After the joinder of issue, the plaintiff moved for summary judgment, and Ms. Rich opposed. The IAS court denied plaintiff Ms. Parker's motion for summary judgment, and dismissed the Supreme Court action, on the ground that there was another action pending in the Civil Court (index No. 58628/86).

After reviewing the record, we find that the IAS court erred in dismissing the Supreme Court action.

CPLR 3211 (a) (4) contains the statutory authority that permits a court to dismiss an action, due to the fact that there is another action pending between the parties. In pertinent part, it states:

"(a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that * * *

"4. there is another action pending between the same parties for the same cause of action in a court of [this] state".

When we compare the dismissed Supreme Court action with the subject Civil Court action, which is the alleged other action pending, we find that, although the parties are the same, the cause of action and the relief sought in each action are totally different from each other. Specifically, while the Supreme Court action contains a cause of action for specific performance of an agreement to purchase shares allocated to the premises, the Civil Court action contains a typical summary holdover petition, which seeks exclusive possession of the premises and related relief.

The Court of Appeals has held in *Kent Dev. Co. v Liccione* (37 NY2d 899, 901 [1975]) that an action should not be dismissed, on the ground of another action pending (CPLR 3211 [a] [4]) when, as discussed *supra* herein, "the nature of

the relief sought [in the two actions] is not the same or substantially the same".

Furthermore, in view of the fact that the other action is pending in the Civil Court, which "has clearly circumscribed and limited equitable powers" *(European Am. Banking Corp. v Chock Full O'Nuts Corp.,* 109 Misc 2d 615, 620 [App Term, 1st Dept 1981]), the plaintiff Ms. Parker would be unable to obtain full relief there, since Civil Court lacks the power to grant specific performance, based upon the facts of this case. When the court where the other action is pending, which in this case is the Civil Court, does not have jurisdiction over the subject matter, an action should not be dismissed, upon the ground of "another action pending between the parties" *(Eastwood v Premis,* 9 AD2d 553, 554 [1959]).

Accordingly, we modify the order of the IAS court, and reinstate the Supreme Court action. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.