■ AMTORG TRADING CORP., Appellant, v BROADWAY & 56TH STREET ASSOCIATES et al., Respondents. [594 NYS2d 204] —Order, Supreme Court, New York County (Peter Tom, J.), entered October 5, 1992, which denied plaintiff's motion for removal and consolidation of a related summary holdover proceeding pending in Civil Court, unanimously reversed, on the law, and plaintiff's motion granted, without costs.

Under terms of the Foreign Missions Act (22 USC § 4301 *et seq.),* Amtorg has been treated as a foreign mission of the Soviet Union and its successors and is not permitted to lease real property without the approval of the United States Department of State. Accordingly, in October 1987, the State Department leased the seventh floor of 1755 Broadway, which it then sublet to Amtorg.

Pursuant to the sublease, Amtorg was required to obtain and maintain a $1.5 million letter of credit as security for the primary lease for the benefit of the landlord, Broadway & 56th Street Associates (Broadway). On October 31, 1991, the State Department assigned its lease to defendant MLK Nom Corp., a nominee of Broadway. Thereafter, Broadway commenced a summary holdover proceeding on April 6, 1992 against MLK as tenant and Amtorg as subtenant, alleging non-payment of $582,723.04 in rent and additional rent since September 1, 1991. MLK cross-claimed against Amtorg for unpaid rent. In May 1992, Amtorg vacated the premises and counterclaimed against Broadway alleging that it was improperly drawing on the letter of credit.

On August 4, 1992, after the Civil Court indicated that it would uphold Broadway's defense that, pursuant to the terms of the primary lease, no counterclaims were permitted in the summary proceeding, Amtorg commenced this action, alleging conversion of the proceeds of the letter of credit by both Broadway and MLK and breach of contract against MLK, and subsequently moved to remove and consolidate the pending Civil Court proceeding.

It is well settled that consolidation is generally favored by the courts in the interest of judicial economy and ease of decision making where there are common questions of law and fact, unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right. The mere fact that a case may be somewhat delayed by such consolidation will not suffice to bar it *(see,* Siegel, NY Prac § 128 [2d ed]).

Accordingly, inasmuch as Amtorg has already vacated the demised premises and Broadway is in possession of the proceeds of the letter of credit and the only issues remaining in the summary proceeding seem to be whether Amtorg became a month to month tenant when the State Department assigned its lease to MLK and the amount of rent due, there is no showing of the requisite prejudice by defendants and there appear to be, contrary to the IAS Court's finding, common

questions of law and fact presented, warranting removal and consolidation. Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.