■ LENORE RABOY et al., Plaintiffs, v MCCRORY CORPORATION et al., Defendants. (Action No. 1.) LENORE RABOY et al., Respondents, v NORMAN F. LEVY et al., Appellants. (Action

No. 2.) [621 NYS2d 14] —Order of the Supreme Court, Bronx County (Luis A. Gonzalez, J.), entered April 12, 1994, which denied a motion by defendants Levy and Sabels to consolidate the action against them (Action No. 2) with a prior action commenced against McCrory Corporation, now in voluntary bankruptcy, and the City of New York (Action No. 1), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff Lenore Raboy and her husband seek damages for injuries she received in August 1990 when she allegedly fell on a cracked sidewalk near Jerome Avenue and 196th Street in Bronx County. Action No. 1, commenced by plaintiffs in July 1991, alleges that defendant McCrory Corporation, which leases the premises adjacent to the area where she fell, and defendant City of New York were negligent in failing to maintain the sidewalk in good repair. After issue was joined, plaintiffs served bills of particulars, responses to notices for discovery and inspection and amended bills of particulars on each defendant on or before January 1992. It is not disputed that no discovery in Action No. 1 has yet taken place. In April 1992, McCrory Corporation filed a voluntary petition for bankruptcy relief in the United States Bankruptcy Court for the Southern District of New York. Pursuant to a May 1992 order of that court, Action No. 1 was stayed.

In June 1992, plaintiffs commenced Action No. 2, alleging that defendants Levy and Ferst, the owners of the premises leased by McCrory, negligently maintained the sidewalk space where the accident occurred. (The summons and complaint were amended in February 1993 to substitute Norma Sabels, the executrix of the estate of Ferst, as a party defendant.) An answer to the amended complaint was served in June 1993, a bill of particulars having previously been served. It is not disputed that no discovery in Action No. 2 has yet taken place.

In September 1993, defendants-appellants Levy and Sabels moved for consolidation of the action against them with Action No. 1 on the ground that they involve common questions of law and fact. Appellants argue that the actions allege "the exact same injuries and claimed negligence" arising out of the same incident. They further state that consolidation would conserve judicial resources and avoid the possibility of inconsistent verdicts. In opposition, plaintiffs contend that they would be prejudiced because "[c]onsolidation would subject plaintiff's second action * * * to an indeterminate delay"

because of the stay imposed by Bankruptcy Court in the first action. In reply, defendants-appellants contend that plaintiffs failed to demonstrate that a substantial right would be prejudiced by consolidation because, once the stay imposed by the Bankruptcy Court is lifted, each action may proceed apace without prejudice resulting from discovery conducted in the other.

Consolidation is generally favored in the interest of judicial economy and ease of decision-making where cases present common questions of law and fact, "unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right" (*Amtorg Trading Corp. v Broadway & 56th St. Assocs.*, 191 AD2d 212, 213). The only valid argument against consolidation is the asserted prejudice arising from the stay of proceedings against McCrory Corporation. However, mere delay is not a sufficient basis upon which to deny consolidation (*supra*). Moreover, McCrory Corporation is the named insured under the general liability policy covering the premises, and defendants-appellants' cross claims against the corporation are much less likely to be prejudiced if the actions are heard together. In the absence of demonstrated prejudice to plaintiffs, it was an abuse of discretion to deny consolidation (*see, Inspiration Enters. v Inland Credit Corp.*, 54 AD2d 839, 840, *appeal dismissed* 40 NY2d 1014). Concur—Ross, J. P., Asch, Rubin, Nardelli and Tom, JJ.