LAWSON F. BERNSTEIN, Appellant, v LEON SILVERMAN et al., Respondents. IRVING TENENBAUM, Respondent, v LAWSON F. BERNSTEIN, Appellant. [644 NYS2d 235]

The denial of the consolidation motion was an abuse of discretion. The two actions at issue, the first of which is for legal fees, with counterclaims alleging legal malpractice, and the second of which seeks legal fees already paid pursuant to a fee-sharing arrangement, involve common legal and factual questions, such that consolidation is appropriate (*Tortorello v Carlin*, 182 AD2d 524, 525; *Berman v Greenwood Vil. Community Dev.*, 156 AD2d 326, 327; *Maigur v Saratogian, Inc.*, 47 AD2d 982). Both actions are in the early stages of discovery and will not be unduly delayed if consolidated, both arise from the legal representation of the Silverman respondents in the

same lawsuit, the same witnesses will be required in both actions, and there is a possibility that injustice would result from inconsistent results in the two actions.

Although venue of two actions, later consolidated but initially placed in separate counties, is generally proper where the first action was commenced (*T T Enters. v Gralnick*, 127 AD2d 651), CPLR 510 (3) empowers the court, upon motion, to change venue for the convenience of material witnesses, where in furtherance of the ends of justice. Here, the relevant factors support New York County as an appropriate venue because the documentary evidence, including the appellant's books and records, and all of the relevant transactions, including attorney-client meetings, counsel conferences, court appearances, legal services and discovery, occurred in this County (*Toro v Gracin*, 148 AD2d 364). Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.