(February 14, 2000)

■ AIU INSURANCE COMPANY, Respondent, v ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR COMPANY, Appellant, et al., Respondents. [702 NYS2d 900] —In an action, *inter alia*, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Donna M. Cady and Daniel Neal in an action entitled *Oquendo v Neal* pending in the Supreme Court, Ulster County, under Index No. 98/817, the defendant ELRAC, Inc., d/b/a Enterprise Rent-A-Car Company, appeals, by permission, from an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 18, 1999, which, *sua sponte*, transferred and consolidated this action with *Oquendo v Neal* and referred the respective motions of the plaintiff and the defendant ELRAC, Inc., d/b/a Enterprise Rent-A-Car Company, for summary judgment to the Supreme Court, Ulster County, for determination.

Ordered that the order is reversed, on the law, with costs, the Clerk of the Supreme Court, Ulster County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all of the papers filed in the action and certified copies of all minutes and entries (*see,* CPLR 511 [d]), and the respective motions of the plaintiff and the defendant ELRAC, Inc., for summary judgment are remitted to the Supreme Court, Nassau County, for determination.

The plaintiff and the defendant ELRAC, Inc., d/b/a Enterprise Rent-A-Car Company, moved and cross-moved, respectively, for summary judgment. The Supreme Court did not decide the motions, but rather, *sua sponte*, ordered that this action be transferred and consolidated with the underlying wrongful death action pending in the Supreme Court, Ulster County. The Supreme Court erred when it ordered consolidation in the absence of any motion by one of the parties for such relief (*see,* CPLR 602 [b]; *Singer v Singer,* 33 AD2d 1054; *see also, New York Annual Conference of Methodist Church v Nam Un Cho,* 156 AD2d 511, 514; *Kobak v Schultz,* 117 AD2d 714). Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.