(April 17, 2001)

■ ADRIENNE A. WILLIAMS, Appellant, v ROCKEFELLER CENTER PROPERTIES et al., Respondents, et al., Defendant. (And a Third-Party Action.) [723 NYS2d 183] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about March 2, 2000, which denied plaintiff's application to vacate dismissal of the action and for consolidation of this action with a related one in Kings County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion granted, the action restored to the calendar, and the related action pending in Kings County removed to New York County and consolidated with this action for joint trial.

Plaintiff was injured on or about October 25, 1995, in the lobby of 1251 Avenue of the Americas, when a large pole, which was leaning against a wall and was part of a construction project, fell on her. In August 1996, plaintiff commenced this action against the owners/operators of the lobby area, Rockefeller Center Properties and Rockefeller Center Management Corp. (the Rockefeller defendants). Both plaintiff's and defendants' counsel failed to appear at a conference on March 11, 1999, and the action was dismissed.

On or about June 14, 1999, counsel for the Rockefeller defendants sought to consolidate a separate action, brought against 1251 Americas Associates by plaintiff in Kings County, with the New York County action. Both actions arose out of the same incident. The court denied the consolidation motion as academic, because the New York County action had been

dismissed. The parties thereafter entered into a stipulation agreeing to restoration of this action.

Plaintiff moved, without opposition, for restoration and for consolidation of this action with the Kings County action. This unopposed motion was supported by an attorney's affirmation which adequately explained the failure to appear and described the problems associated with plaintiff's former counsel. The firm which initially represented plaintiff had dissolved, and although one of that firm's former partners retained the litigation, there were problems forwarding the firm's mail. An affidavit of merit, setting forth the time, place and circumstances of the accident, was also presented. The IAS court denied restoration. It found no reasonable excuse for the delay in prosecuting the action and a failure to comply with certain outstanding discovery obligations. We reverse.

CPLR 3404 allows for restoration of a case to the trial calendar, provided plaintiff demonstrates a meritorious cause of action; a reasonable excuse for the delay; a lack of intent to abandon the action; and the absence of prejudice to the opposing party (*Ramputi v Timko Contr. Corp.*, 262 AD2d 26).

Plaintiff sufficiently established that her action had merit. Further, plaintiff's counsel's failure to appear at the calendar call was adequately explained by the dissolution of a firm, closing of the office, and problems with forwarding mail (*Ramputi, supra; Muhammed v Manhattan Payment Ctr.*, 251 AD2d 228, 229). The presumption that plaintiff had abandoned the action is also rebutted by the parties' stipulation (*see, Solow v Stuart*, 223 AD2d 458), and by plaintiff's May 27, 1999 compliance with substantial discovery requests, including providing authorizations for the release of workers' compensation, medical, and employment records (*see, McGuire v Tishman Constr. Corp.*, 275 AD2d 249, 250-251). Also, by signing a stipulation agreeing to restoration of the action, defendants have waived any claim of prejudice. Thus, it was an improvident exercise of the court's discretion to have denied plaintiff's motion to restore this action.

Moreover, consolidation of the Kings County action with this action is warranted. Both actions were brought by the same plaintiff, arose out of the exact same incident, and involve the same causes of action (CPLR 602 [b]; *see, Bernstein v Silverman*, 228 AD2d 325, 325-326). The consolidated action should be tried in New York County, where the first action was commenced (*Velasquez v C.F.T., Inc.*, 240 AD2d 178, 179). Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Wallach and Buckley, JJ.