■ AMCAN HOLDINGS, INC., et al., Respondents, v TORYS LLP et al., Appellants. TORYS LLP, Third-Party Plaintiff, v RICHARD E. GRAY, Third-Party Defendant-Respondent. [821 NYS2d 162]—

Order, Supreme Court, New York County (Debra A. James, J.), entered January 20, 2006, which denied defendants' motion to consolidate this action with an action pending in Supreme Court, Essex County, unanimously reversed, on the law and the facts, without costs, and the motion granted to consolidate in New York County.

The genesis of this case stretches back to 1996, when a derivative action was brought in Supreme Court, New York County, against third-party defendant Gray and various corporations he owned, controlled or with which he was otherwise affiliated. During the course of those proceedings, the court issued a preliminary injunction prohibiting Gray and his corporations from certain transactions.

In 1999, Gray was held in contempt for violating the injunction, but his punishment was held in abeyance pending the determination of the underlying action on the merits. Gray appealed, claiming it was impossible for him to purge the contempt. We directed a hearing to determine that issue (*Richardson v Gray*, 284 AD2d 198, 200 [2001]).

In 2001, Gray and his corporations retained defendant Torys LLP to represent them in connection with the 1996 derivative action, as well as the contempt hearing and all related matters. Torys, in the course of this representation, became fully acquainted with all matters relating to these actions as well as the business relationships between Gray and his various corporate entities and transactions.

During this same period, certain affiliates of Gray and his corporations (Acquisition Affiliates) retained Torys to represent them in a corporate acquisition and to assist in obtaining financing in this matter from Canadian Imperial Bank of Commerce (CIBC), a longtime client of Torys. Apparently, this relationship was never disclosed to Gray or Acquisition Affiliates.

The hearing concerning Gray's ability to purge his contempt was held and Gray was imprisoned for failing to purge the contempt by returning $4.5 million, despite his financial ability to do so.

In 2004, plaintiffs commenced this action for legal malpractice against Torys and certain named attorneys from the firm. The complaint alleged negligence, conflict of interest, breach of contract and breach of fiduciary duty against defendants in connection with a proposed acquisition and loan from CIBC.

The complaint further alleged that Gray inquired of Torys whether he should disclose to CIBC the nature of the 1996 action, including the contempt involving Gray, and whether the injunction would legally bar the closing of the proposed CIBC loan. Torys attorneys allegedly advised plaintiffs the loan could be structured to avoid disclosure of the issues in the 1996 action. However, Torys subsequently refused to issue an opinion letter to that effect and stated it would withdraw from representing plaintiffs unless these and unrelated litigations concerning plaintiffs were disclosed to CIBC.

Plaintiffs complied with the disclosures demanded by Torys. Subsequently, CIBC cancelled its loan commitment and refused to close the loan. Plaintiffs contended that Torys' conflict of interest and desire to maintain its relationship with CIBC constituted a breach of its duty to plaintiffs, causing them extensive monetary damages. In their answer, Torys counterclaimed against plaintiffs and added Gray as a third-party defendant.

In April 2005, Gray and Acquisition Associates brought an action in Essex County, Gray's county of residence, against Torys and the individual attorneys from that firm for legal malpractice. The named attorneys in that action were also named defendants in the instant New York County action. The Essex County complaint alleged, inter alia, that Torys failed to vigor-

ously represent Gray at his contempt hearing. The complaint further alleged that Torys and its individual attorneys assisted CIBC in withdrawing from its commitment to provide financing (a principal basis for the New York County action), were negligent, and had a conflict of interest they failed to disclose, and thereby violated their fiduciary duty to Gray and Acquisition Associates.

Discovery was commenced in both the New York and Essex County actions. As could be expected, many document requests and other demands in the actions overlapped.

Also in April 2005, defendants moved in New York County to consolidate this action with the Essex County action. Plaintiffs opposed this motion in an affidavit submitted by Gray, who argued that the facts and issues involved in each malpractice case, as well as their damages, was different. Gray contended the confusion of the issues would prejudice his personal claim against defendants, that different experts would be called to testify in each action, and that his personal action should be resolved by a jury in the county in which he resides.

The IAS court denied the motion, holding that while the same defendants in both cases are alleged to have committed malpractice, and the plaintiffs in both cases are entities controlled by third-party defendant Gray, defendants failed to identify any issues common to both actions. The court held that consolidation would create more confusion and not promote efficiency.

The discretion of a court on a motion to consolidate should be accorded great deference (*Geneva Temps, Inc. v New World Communities, Inc.*, 24 AD3d 332, 334 [2005]). However, "consolidation is generally favored by the courts in the interest of judicial economy and ease of decision making where there are common questions of law and fact, unless the party opposing the motion demonstrates that consolidation will prejudice a substantial right" (*Amtorg Trading Corp. v Broadway & 56th St. Assoc.*, 191 AD2d 212, 213 [1993]). The burden of demonstrating prejudice to a substantial right is on the party opposing consolidation (*Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 74 [2002]).

Applying these principles to this case, we find that plaintiffs did not meet their burden. The parties to each action possess knowledge and information, including documents, relevant to the claims in the other. Potential witnesses and evidence will be similar in both actions. Many parties, particularly some of the Torys defendants, are the same. On the plaintiffs' side, there is certainly an interrelationship between many of the companies and the third-party defendant Gray. There also exist questions

of law and fact common to both actions, in particular, the question whether defendants had a conflict of interest that was not disclosed and that inured to the detriment of plaintiffs. Indeed, both the New York and Essex County complaints are replete with allegations that Torys and its attorneys were well aware of the relationship between the various plaintiffs in both actions, that the decision to disclose all pending litigation to CIBC was made in order to protect the relationship between Torys and its valuable client CIBC, and that the plaintiffs in both counties did not receive undivided loyalty and best legal representation as a result of defendants' conflict of interest. Moreover, both complaints contain allegations that when the defendants finally told plaintiffs of the existence of the relationship between Torys and CIBC, the financing deal had progressed beyond the point where plaintiffs could have retained other counsel and sought other financing. These factors argue in favor of consolidation (*see Teitelbaum v PTR Co.*, 6 AD3d 254 [2004]). Moreover, this combination of factors makes it probable that "injustice would result from inconsistent results in the two actions" (*Bernstein v Silverman*, 228 AD2d 325, 326 [1996]).

"In the absence of demonstrated prejudice to plaintiffs, it was an abuse of discretion to deny consolidation" (*Raboy v McCrory Corp.*, 210 AD2d 145, 147 [1994]). The actions should thus be consolidated under the New York County index number, since "Absent exceptional circumstances involving the convenience of material witnesses, the venue of a consolidated action should be the county in which the first action was commenced" (*Teitelbaum*, 6 AD3d at 255). Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.