■ RICHARD DESILVA, JR., et al., Appellants, v PLOT REALTY, LLC, et al., Respondents. PLOT REALTY, LLC, et al., Respondents, v RICHARD DESILVA, JR., et al., Appellants. (And Another Action.) [924 NYS2d 86]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 18, 2010, which, insofar as appealed from, denied the cross motion of DeSilva and Desco Appliances (collectively DeSilva) to disqualify Plot Realty, LLC's counsel, unanimously affirmed, without costs. Order, same court and Justice, entered February 4, 2010, which, sua sponte, amended the January 18, 2010 order to the extent of granting Plot Realty's motion to consolidate two actions pending in Supreme Court and another in Civil Court, unanimously affirmed, without costs.

The cross motion was properly denied since DeSilva failed to

establish that Plot Realty's attorney, who was also its controlling member and was effectively representing himself, was a necessary witness (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446 [1987]; *Nimkoff v Nimkoff*, 18 AD3d 344, 346 [2005]).

Consolidation of the actions was appropriate since the matters have common questions of law and fact, and DeSilva failed to carry his burden of showing prejudice to a substantial right (*see Geneva Temps, Inc. v New World Communities, Inc.*, 24 AD3d 332, 334 [2005]); DeSilva's claims of possible jury confusion and poisoning of any jury that would hear the nuisance and slander of title actions together are unpersuasive. Contrary to DeSilva's argument, the amended consolidation order did not contravene this Court's affirmance of a different Justice's order consolidating the actions for the limited purposes of discovery (45 AD3d 312 [2007]), inasmuch as this Court's prior order was intended as a temporary case management ruling. Nor did the amended order violate the rule against sua sponte consolidation because the initial order had been the result of a motion and only its reconsideration was sua sponte (*see* CPLR 602; *compare AIU Ins. Co. v ELRAC, Inc.*, 269 AD2d 412 [2000]). Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Richter, JJ.