ISA Realty Group, LLC v EBM Dev. Co. (2023 NY Slip Op 00048)

ISA Realty Group, LLC v EBM Dev. Co.

2023 NY Slip Op 00048

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 653151/19 Appeal No. 17038 Case No. 2022-02072 

[*1]ISA Realty Group, LLC, Plaintiff-Appellant,
v
EBM Development Company, Defendant-Respondent. Lamar Advertising Company, Non-Party Respondent.

Koffsky Schwalb LLC, New York (Steven A. Weg of counsel), for appellant.
SDK Heiberger LLP, New York (Jacqueline Handel-Harbour of counsel), for EBM Development Company, respondent.

Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about September 23, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion to consolidate this action with an action pending before the same court and Justice, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in consolidating the two actions, as consolidation serves the interest of judicial economy (CPLR602; see Amcan Holdings, Inc. v Torys LLP, 32 AD3d 337, 339 [1st Dept 2006]; Teitelbaum v PTR Co., 6 AD3d 254, 255 [1st Dept 2004]). The two actions have common questions of law and significant overlapping facts, as they arose out of the relationship among the parties and their agreements regarding putting a billboard sign on the faÇade of a building, and consolidation will therefore foreclose inconsistent determinations (see Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc., 51 AD3d 839, 839 [2d Dept 2008]; Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]). Furthermore, consolidation is appropriate here because both actions will require testimony from the same witnesses (see Amcan Holdings, Inc., 32 AD3d at 339).
In opposing the motion for consolidation, plaintiff failed to establish that it will suffer substantial prejudice from consolidation of the two actions (see Matter of Vigo S.S. Corp. [Marship Corp. of Monrovia]), 26 NY2d 157, 162 [1970], cert denied 400 US 819 [1970]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023