Liberty Mut. Ins. Co. v Bonilla (2023 NY Slip Op 00731)

Liberty Mut. Ins. Co. v Bonilla

2023 NY Slip Op 00731

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., González, Scarpulla, Rodriguez, JJ. 

Index No. 657190/21 Appeal No. 17302 Case No. 2022-04270 

[*1]Liberty Mutual Insurance Company et al., Plaintiffs-Appellants,
v
Melito Bonilla et al., Defendants-Respondents, Alpha Imaging Consultants PLLC, et al., Defendants.

Jaffe & Asher LLP, White Plains (Marshall T. Potashner of counsel), for appellants.
Eppinger, Reingold & Korder, Larchmont (Mitchell L. Korder of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 21, 2022, which denied plaintiffs' motion pursuant to CPLR 602(b) to consolidate eight Civil Court actions with this action, unanimously reversed, on the law, without costs, and plaintiffs' motion granted.
This action arises out of insurance claims based on an accident on December 30, 2020 in which defendant Melito Bonilla, while a passenger in a parked car, was injured when the car was struck by another vehicle. Each of the claims is under an insurance policy issued by plaintiffs that required Bonilla to appear for an examination under oath (EUO). Plaintiffs Liberty Mutual Insurance Company and LM General Insurance Company commenced this action on December 28, 2021, seeking a declaratory judgment, alleging that they do not owe no-fault coverage for medical fees in connection to Bonilla's injuries because he failed to appear for an EUO.
After the action was commenced, two of Bonilla's medical providers, Bay Ridge Chiropractic PC and Hudson Valley Chiro & Rehab PC, both of which are defendants in this action, brought eight actions, all in Richmond County Civil Court, seeking payment from Liberty for treatment of Bonilla's alleged injuries. Liberty asserts that the same defense applies in each case, namely that it is not required to cover the injuries because Bonilla failed to appear for scheduled EUOs.
It was an improvident exercise of discretion to have denied plaintiffs' motion to consolidate (see Amcan Holdings, Inc. v Torys LLP, 32 AD3d 337, 340 [1st Dept 2006]). The issue of whether Bonilla failed to submit to the EUO, and whether such failure entitles Liberty to disclaim coverage for his alleged injuries and treatment, would affect the outcome of each of the cases, and Liberty would risk inconsistent verdicts and multiple trials if the Civil Court actions are not consolidated with this one (see Phoenix Garden Rest. v Chu, 202 AD2d 180, 180-181 [1st Dept 1994]). Moreover, in opposing plaintiffs' motion, defendants have not argued that they would be prejudiced.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023