Steele v Consolidated Edison Co. of N.Y. Inc. (2023 NY Slip Op 06498)

Steele v Consolidated Edison Co. of N.Y. Inc.

2023 NY Slip Op 06498

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Friedman, J.P., Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 160246/20 Appeal No. 1276 Case No. 2023-01777 

[*1]Brandon Anthony Steele, Plaintiff-Respondent,
v
Consolidated Edison Company of New York Inc., Defendant, Horizon (East 76th Street) Property LLC, et al., Defendants-Appellants.

Mauro Lilling Naparty LLP, Woodbury (Jamie H. Greenwood of counsel), for appellants.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 13, 2023, which denied the motion of defendants Horizon and First Service to consolidate this action with an action pending before the same court, unanimously reversed, on the law and the facts, without costs, and the motion granted.
This action arises from an incident that occurred when plaintiff and his friend, Mark Moran, were together in plaintiff's basement apartment, when a nearby underground fire allegedly caused the emission of carbon monoxide fumes into the apartment, causing both men to suffer injury. Plaintiff commenced this action asserting four causes of action against defendants Horizon, First Service, and Consolidated Edison Company, and Moran commenced an action against the same three defendants asserting essentially the same four causes of action, about a year and a half later.
The court improvidently exercised its discretion in denying defendants' motion to consolidate based solely on the potential for delay (see Amcan Holdings, Inc. v Torys LLP,32 AD3d 337, 339 [1st Dept 2006]; Amtorg Trading Corp. v Broadway & 56th St. Assoc., 191 AD2d 212 [1st Dept 1993]). Since the two actions arise out of the same underlying occurrence, they have common questions of law and significantly overlapping facts, so that consolidation would serve the interest of judicial economy and prevention of inconsistent determinations based on the same facts (see CPLR 602[a]; ISA Realty Group, LLC v EBM Dev. Co., 212 AD3d 427 [1st Dept 2023]). Further, plaintiff did not meet his burden to demonstrate that consolidation would prejudice a substantial right (see Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia], 26 NY2d 157, 161-162 [1970], cert denied 400 US 819 [1970]). Although the actions were at different stages of discovery, discovery in this action has not yet been completed (compare Abrams v Port Auth. Trans-Hudson Corp., 1 AD3d 118, 119 [1st Dept 2003]). Under the circumstances here, where the cases arise out of the same incident, the two plaintiffs allegedly suffered injury in the same manner and assert the same claims against the same defendants, any prejudice to plaintiff and potential for delay can be mitigated by expedited discovery in the Moran action (see Collazo v City of New York, 213 AD2d 270, 271 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023