Kotbi v Najjar (2024 NY Slip Op 03087)

Kotbi v Najjar

2024 NY Slip Op 03087

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Moulton, J.P., Mendez, Rosado, Michael, JJ. 

Index No. 153147/13 Appeal No. 2285-2286-2287 Case No. 2023-02197 2023-02817 2023-02848 

[*1]Nabil Kotbi, Plaintiff-Respondent,
v
Farid Najjar, Defendant-Appellant. 

Oummih Law Group, PLLC, Astoria (Amal Oummih of counsel), for appellant.
Allegaert Berger & Vogel LLP, New York (Robert E. Malchman of counsel), for respondent.

Judgment, Supreme Court, New York County (James E. d'Auguste, J.), entered May 9, 2023, awarding plaintiff the total amount of $476,379.52 inclusive of pre-judgment interest, and bringing up for review an order and supplemental order, same court and Justice, dated April 6, 2023 and May 9, 2023, which granted plaintiff's motion for summary judgment in lieu of complaint and entered a verdict in favor of plaintiff in the bench trial, unanimously modified, on the law, to the extent of vacating the damages award, and remanding the matter for recalculation of interest and total judgment in accordance herewith, and otherwise affirmed, without costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly found that plaintiff was entitled to summary judgment, pursuant to CPLR 3213 and article 53, based upon the domestication and enforcement of a foreign judgment. Plaintiff obtained the Casablanca judgment, which was affirmed by the highest court in Morocco, the Court of Cassation. The Casablanca judgment is final, conclusive, and enforceable, even if an appeal is pending and not all procedural requirements for execution abroad have been satisfied (CPLR 5302[a][2]; AlbaniaBEG Ambient Sh.p.k v Enel S.p.A., 160 AD3d 93, 99 [1st Dept 2018]; Sea Trade Mar. Corp. v Coutsodontis, 111 AD3d 483, 484 [1st Dept 2013]). Nothing about the posture of litigation in Morocco renders the judgment unenforceable.
Defendant's argument that the court should have held a traverse hearing on his claim of improper service of process is unavailing. There is no evidence in the record to conclude the court failed to ensure personal jurisdiction over defendant (see Franpo Realty, LLC v Power Furniture Inc., 213 AD3d 604 [1st Dept 2023]; Reliable Abstract Co., LLC v 45 John Lofts, LLC, 152 AD3d 429 [1st Dept 2017], lv dismissed 30 NY3d 1056 [2018]).
Moreover, although consolidation of the two New York actions violated the rule against sua sponte consolidation by the trial court (see DeSilva v Plot Realty, LLC, 85 AD3d 422, 423 [1st Dept 2011]), defendant was not prejudiced by the consolidation. Accordingly, remanding this matter to enter an identical judgment under the 2019 action index number would serve no purpose and only add a level of confusion in that there would be two judgments for the same matter.
While the court properly granted enforcement of the foreign judgment, there was no basis to apply New York's statutory pre-judgment interest rate. The court should have enforced the judgment in its entirety by incorporating the Moroccan court's calculation, based on the contractual provision requiring a 1% monthly "late payment interest fee," which resulted in the total amount of $373,304.51, not $476,379.52. We remand for a recalculation of the damages owed in accordance with the above, with the direction that the court add any post-judgment interest appropriate under New York law, as post-judgment [*2]interest is a "procedural matter governed by the law of the forum" (Abu Dhabi Commercial Bank PJSC v Saad Trading, Contr. & Fin. Servs. Co., 117 AD3d 609, 613 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024