| |
|---|
| **Pinks v Mt. Sinai EMS** |
| 2025 NY Slip Op 30081(U) |
| January 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155588/2024 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**

*Justice*

-------------------------------------------------------------------------------X

MARY PINKS, as the administratrix of the estate of MAGGIE KING,

Plaintiff,

- v -

MT. SINAI EMS, MOUNT SINAI HEALTH SYSTEM EMS, MOUNT SINAI HOSPITAL, MILLER CABRERA, THOMAS MARZIGLIANO, and HARLEM HOSPITAL,

Defendants.

-------------------------------------------------------------------------------X

| PART | IAS MOTION 56EFM |
|---|---|
| INDEX NO. | 155588/2024 |
| MOTION DATE | 09/13/2024 09/13/2024 |
| MOTION SEQ. NO. | 001, 002 |

**DECISION AND ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 19, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for                CONSOLIDATION/X-MOTION TO DISMISS

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37, 38, 39, 40, 41, 42

were read on this motion to/for                DISMISSAL                .

In this action to recover damages for medical malpractice and wrongful death, the plaintiff moves pursuant to CPLR 602(a) to consolidate this action into an earlier, related action entitled *Pinks v Mt. Sinai EMS* (the related action), pending in this court under Index No. 152192/2023 (MOT SEQ 001). The defendants Mt. Sinai EMS and Mount Sinai Hospital oppose the motion, and cross-move pursuant to CPLR 3211(a)(4) and (5) to dismiss the complaint insofar as asserted against them on the grounds that there is a prior action pending against them for the same relief, and that the action is time-barred as to them. The plaintiff opposes the cross motion. The same defendants separately move, along with the defendants Miller Cabrera and Thomas Marzigliano, for the same relief (MOT SEQ 002). The plaintiff opposes that motion. The plaintiff's motion under Motion Sequence 001 is granted, and this action is fully consolidated into the related action. The cross motion is denied. The motion

under Motion Sequence 002 granted to the extent that the complaint is dismissed insofar as asserted against Cabrera and Marzigliano, and that motion is otherwise denied.

On March 8, 2023, the plaintiff commenced the related action against Mt. Sinai EMS and Mount Sinai Hospital, among others, alleging that, on December 9, 2021, they committed malpractice in connection with the care and treatment that they rendered to her decedent, and that this malpractice caused or contributed to the December 19, 2021 death of her decedent. On June 18, 2024, she commenced the instant action against the same defendants she had named in the related action, but added Mt. Sinai EMS employees Cabrera and Marzigliano as defendants, and asserted allegations against Mt. Sinai EMS and Mount Sinai Hospital that were more particularized than the ones asserted in the complaint in the related action.

Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed on the ground that another action is pending for the same relief, particularly where there is substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same (*see Whitney v Whitney,* 57 NY2d 731 [1982]; *Clark v Clark*, 93 AD3d 812 [2d Dept 2012]). Generally, if the relief sought in the later action is different than that sought in the pending action, the complaint in the later-filed action should not be dismissed, even where the parties are the same (*see Parker v Rich*, 140 AD2d 177 [1st Dept 1988]). Although the allegations made by the plaintiff against Mt. Sinai EMS and Mount Sinai Hospital in the instant action are similar to those asserted in the related action, under the circumstances presented here, in which new parties and new allegations have been added, dismissal is not warranted. Rather, it is instead appropriate to consolidate this action into the related action (*see Gutman v Klein*, 26 AD3d 464, 465 [2d Dept 2006]; *Fay Estates v Toys "R" Us, Inc.*, 22 AD3d 712, 713-714 [2d Dept 2005]; *Nasir v New York Univ. Hosps. Ctr.*, 2018 NY Slip Op 30363[U], *2-3, 2018 NY Misc LEXIS 716, *2-3 [Sup Ct, N.Y. County, Feb. 27, 2018]; *see also Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006]).

"Consolidation is generally favored in the interest of judicial economy and ease of decision-making where cases present common questions of law and fact, 'unless the party opposing the motion demonstrates that a consolidation will prejudice a substantial right'" (*Raboy v McCrory Corp.*, 210 AD2d 145 [1st Dept 1994], quoting *Amtorg Trading Corp. v Broadway & 56th St. Assoc.*, 191 AD2d 212, 213 [1st Dept 1993]). The issues raised in both the related action and this action are virtually identical, although the plaintiff adds different, more specific allegations in the instant complaint. There no indication that consolidation of the two actions will prejudice a substantial right of any party (*see Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006]). Where, as here, the two actions arise from one course of medical treatment rendered to the same plaintiff by different defendants, they clearly present common questions of law and fact (*see* CPLR 602; *Lecorps v Bromberg,* 127 AD3d 931, 932 [2d Dept 2015]; *Ciafone v New York Univ. Med. Ctr.*, 35 AD3d 780, 783-784 [2d Dept 2006]; *Prout v NYU Hosps. Ctr.*, 2021 NY Slip Op 30226[U], 2021 NY Misc LEXIS 296 [Sup Ct, N.Y. County, Jan. 21, 2021] [Kelley, J.]; *see also DeSilva v Plot Realty, LLC*, 85 AD3d 422 [1st Dept 2011]; *Kern v Shandell, Blitz, Blitz & Bookson*, 58 AD3d 487 [1st Dept 2009]).

Both the medical malpractice and wrongful death causes of action were timely interposed by against Mt. Sinai EMS and Mount Sinai Hospital in the related action, and any more particularized allegations set forth in the complaint in this action are deemed to constitute an amendment that relates back to the date on which the causes of action in the original complaint were interposed (*see Deutsche Bank Trust Co. Ams. v Fredonia Temple/Brigham Apts., LLC,* _____AD3d_____, 2024 NY App Div LEXIS 6015, *5 [4th Dept, Nov. 15, 2024]).

The relation-back doctrine also permits a plaintiff to assert causes of action against an additional defendant, even though the statute of limitations has expired, if the plaintiff can demonstrate three things:

> "(1) that the claims arose out of the same occurrence, (2) that the later-added [defendant] is united in interest with a previously named [defendant], and (3) that the later-added [defendant] knew or should have known that, but for a mistake by

> [plaintiff] as to the later-added [defendant's] identity, the proceeding would have also been brought against him or her"

(*Koplinka-Loehr v County of Tompkins*, 189 AD3d 2039, 2042 [3d Dept 2020], quoting *Matter of Sullivan v Planning Bd. of the Town of Mamakating*, 151 AD3d 1518, 1519-1520 [3d Dept 2017] [citations omitted]; *see Buran v Coupal*, 87 NY2d 173, 178 [1995]).  The relation-back doctrine, however, only applies where a plaintiff seeks to amend a complaint in a pending action, not to the commencement of a new action against new defendants (*see Mei Chu v Chinese-Am. Plan. Council Home Attendant Program, Inc.,* 2021 NY Misc LEXIS 52761, *12-13 [Sup Ct, N.Y. County, Feb. 9, 2021]; *Nakahata v New York-Presbyterian Healthcare System Inc.*, 23 F3d 192 [2d Cir 2013] [applying New York law]).  Hence, the doctrine may not be applied here to the claims asserted against Cabrera and Marzigliano, who were first joined as defendants in this action.  Since their alleged malpractice was committed on December 9, 2021, when they transferred the plaintiff's decedent to the defendant Harlem Hospital, the 2-year and 6-month limitations period applicable to that claim (CPLR 214-a) expired on June 10, 2024 (*see* General Construction Law §§ 20, 25-a).  Hence, this action, which was commenced against those defendants on June 18, 2024, must be dismissed as time-barred as to them.  The court expresses no opinion as to whether it will grant any motion for leave to amend the complaint in the consolidated related action to add Cabrera and Marzigliano as defendants therein, and thereupon permit the plaintiff to assert a medical malpractice cause of action against them.

Moreover, the two-year limitations period applicable to the wrongful death causes of action (EPTL 5-4.1) bars that cause of action against Cabrera and Marzigliano.  The plaintiff's decedent died on December 19, 2021, and the two-year limitations period expired on December 19, 2023.  The court notes that, where a plaintiff moves for leave to amend a complaint so as to assert a wrongful death cause of action, and the two-year limitations period applicable to that wrongful death cause of action had yet to expire when the motion was made, the statute of limitations is tolled from that date that the motion papers are served until the entry of the order

granting leave to amend (*see Vastola v Maer*, 48 AD2d 561 [2d Dept 1975], *affd* 39 NY2d 1019 [1976]).  In its decision affirming the Appellate Division, the Court of Appeals in *Vastola* explained that, where a complaint is amended to add a wrongful death cause of action,

> "even if the claim for wrongful death had been interposed *more than two years after the death of the plaintiff's [decedent],* the claim would still have been timely since it would relate back, for limitations purposes, to the date of commencement of the personal injury action"

(id. at 1021 [emphasis added]).  Stated another way, where the complaint in the pending action gives the defendants

> "notice of the transactions, occurrences, or series of transactions or occurrences on which the wrongful death cause of action in the amended complaint was based, the wrongful death cause of action asserted in the amended complaint relates back to the original complaint and is deemed to have been timely interposed"

(*DeLuca v PSCH, Inc.*, 170 AD3d 800, 802 [2d Dept 2019] [internal quotation marks omitted]; *see* CPLR 203[f]; EPTL 11-3.3[b][2]; *Caffaro v Trayna*, 35 NY2d 245, 250 [1974]; *Assevero v Hamilton & Church Props., LLC*, 154 AD3d 728 [2d Dept 2017]).  Here, however, the plaintiff does not seek to add a wrongful death cause of action, as it already was asserted at the inception of the related action.  Hence, there is no basis for amending the complaint in the related action to assert a wrongful death cause of action against Cabrera and Marzigliano.

The court further notes that, although, in the related action, it denied the motion of the defendant Mount Sinai Health System EMS to dismiss the complaint insofar as asserted against it for the plaintiff's failure timely to take steps to enter a default judgment against it, upon consolidation of this action into the related action, she now has until November 18, 2025 to take steps to enter such a default judgment in accordance with the provisions of CPLR 3215(c).

In light of the foregoing, it is,

ORDERED that the plaintiff's motion for consolidation (SEQ 001) is granted, and the action entitled *Mary Pinks, as Administratrix of the Estate of Maggie King v Mt. Sinai EMS, et al.,* pending in this court under Index No. 155588/2024, is fully consolidated into the action

entitled *Mary Pinks, as Temporary Administrator of the Estate of Maggie King v Mt. Sinai EMS, et al.,* pending in this court under Index No. 152192/2023; and it is further,

ORDERED that the caption of the consolidated proceeding shall be as follows:

```
--------------------------------------------------------------------------x
MARY PINKS, as Administratrix of the Estate
of MAGGIE KING,

                              Plaintiff,
                                                        Index No. 152192/2023;
                      v

MT. SINAI EMS, MOUNT SINAI HEALTH SYSTEM EMS,
MOUNT SINAI HOSPITAL, and HARLEM HOSPITAL,

                              Defendants.

--------------------------------------------------------------------------x
```

and it is further,

ORDERED that, within 15 days of the entry of this decision and order, the plaintiff shall serve a copy of this decision and order upon both the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/ courts/ 1jd/supctmanh/Efil-protocol.pdf (nycourts.gov), and, to comply with those procedures, the plaintiff shall (1) upload the decision and order to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" *AND* (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order, under document title "NOTICE TO COUNTY CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon amend the court records accordingly; and it is further,

ORDERED that the cross motion of the defendants Mt. Sinai EMS and Mount Sinai Hospital to dismiss the complaint insofar as asserted against them (SEQ 001) is denied; and it is further,

ORDERED that the motion of the defendants Mt. Sinai EMS, Mount Sinai Hospital, Miller Cabrera, and Thomas Marzigliano to dismiss the complaint insofar as asserted against them (SEQ 002) is granted only to the extent of dismissing the complaint insofar as asserted against Miller Cabrera and Thomas Marzigliano, the complaint is dismissed insofar as asserted against Miller Cabrera and Thomas Marzigliano, and that motion is otherwise denied; and it is further,

ORDERED that the action against Miller Cabrera and Thomas Marzigliano is severed from the remainder of the action; and it is further,

ORDERED that the Clerk of the court shall enter judgment dismissing the complaint insofar as asserted against Miller Cabrera and Thomas Marzigliano.

This constitutes the Decision and Order of the court.

| 1/10/2025 | | JOHN J. KELLEY, J.S.C. |
|-----------|--|------------------------|
| DATE | | |

| MOTION 001: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|-------------|---|---------------|---|----------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 002: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**INDEX NO. 155588/2024     PINKS, MARY, as Administratrix v MT. SINAI EMS**
**SEQ 001, 002**