| |
|---|
| **Ludemann v City of New York** |
| 2025 NY Slip Op 30515(U) |
| February 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152601/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO                         PART                    33M

*Justice*

------------------------------------------------------------------X

ROXANNE LUDEMANN,

                                Plaintiff,

                - v -

CITY OF NEW YORK, NEW YORK CITY ECONOMIC
DEVELOPMENT CORPORATION, TIMOTHY PEARSON,
JEFFREY MADDREY, JOSEPH PROFETA

                               Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152601/2024 |
| MOTION DATE | 10/08/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 40, 41

were read on this motion to/for                 **CONSOLIDATE/JOIN FOR TRIAL**     .

Upon the foregoing documents, and after a final submission date of November 8, 2024, Defendants' motion to join for discovery this action with three other actions is granted. [1] Plaintiff Roxanne Ludemann's ("Plaintiff") cross-motion seeking to consolidate this action with three other actions is granted to the extent that the actions are joined for discovery and is otherwise denied without prejudice.

As alleged in the Complaint, Plaintiff is a former member of the NYPD and worked at the Mayor's Office of Municipal Assessment from Summer of 2022 until April of 2023. During that time, she alleges she was sexually harassed by Defendant Timothy Pearson ("Pearson"). Two of Plaintiff's colleagues, Michael Ferrari and George Huang, allegedly tried to stop Pearson from harassing Plaintiff, however they were retaliated against for opposing Pearson (*see Michael*

---

[1] Although the notice of motion asks for an order consolidating this action, consolidation would require joining all actions under one index number and require the matters to all be tried at once, while a review of the motion papers, including the notice of motion, makes clear that Defendants are asking this Court to join the matters "solely for purposes of joint discovery" (*see* NYSCEF Doc. 19). Moreover, while at first Defendants sought joint discovery with two actions, on reply they agree with Plaintiff that there are three other actions which should be joined for discovery.

152601/2024  LUDEMANN, ROXANNE vs. CITY OF NEW YORK ET AL               Page 1 of 4
Motion No.  001

*Ferrari v City of New York, et al.,* Index No. 153625/2024 ["Action No. 2"]; *see also George Huang v City of New York, et. al.,* Index No. 155213/2024 ["Action No. 3"]). Defendants argue that these actions should be joined for trial because they involve common questions of law and fact arising from the same underlying events – namely the sexual harassment of Plaintiff Ludemann by Pearson at Mayor's Office of Municipal Assessment.

Plaintiff cross-moves for consolidation of the three actions under one index number as opposed to joining the actions for discovery. Plaintiff also seeks to consolidate a fourth action – *Militiadis Marmara v City of New York, et. al.,* Index No. 156892/2024 ("Action 4"). Marmara was an NYPD Chief at the time of the alleged harassment and allegedly the supervisor of Ludemann, Ferrari, and Huang. Plaintiff alleges that Marmara also opposed Pearson and allegedly implemented a plan to ensure that Pearson was always chaperoned by a male employee while in the office. Defendants oppose consolidation for trial as premature, but do not oppose joining Action 4 with the other actions for purposes of discovery.

Pursuant to CPLR § 602(a) "[w]hen actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may take such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." A court is afforded great deference in determining whether to consolidate actions (*Amcan Holdings, Inc. v Torys* LLP, 32 AD3d 337, 339 [1st Dept 2006]).

Although common questions of law and fact are present here to warrant joint discovery, the Court finds it is premature to issue any ruling on consolidation for purposes of trial. In considering whether two employment discrimination claims should be consolidated, the First Department has recently held that where "individual issues predominate, concerning particular

152601/2024 LUDEMANN, ROXANNE vs. CITY OF NEW YORK ET AL Page 2 of 4
Motion No. 001

2 of 4

[* 2]

circumstances applicable to each plaintiff" consolidation is improper as it "would prejudice defendants" and "create a risk of improper bolstering and juror confusion" (*see Seaman v City of New York*, 223 NYS3d 90, 91 [1st Dept 2025] citing *Tarshish v Associated Dry Goods Corp.*, 232 AD2d 246 [1st Dept 1996]).

At this pre-discovery juncture, without having more particulars about the witnesses to and circumstances of the discrimination faced by the various plaintiffs, the Court declines to consolidate all four actions. However, to ease the costs and burden of discovery on all parties involved[2] and to avoid the risk of inconsistent discovery rulings, the Court grants Defendants' motion and Plaintiff's cross-motion to the extent that all four actions will be joined for purposes of discovery. If, after a more fully developed record, any party believes consolidation of some or all actions for trial is appropriate, the Court will entertain a subsequent application to consolidate.

Accordingly, it is hereby,

ORDERED that Defendants' motion to join, for the sole purpose of discovery, this action with three other actions pending in New York County Supreme Court is granted and the above-captioned action shall be joined for the sole purpose of discovery with *Michael Ferrari v. City of New York, et al.,* Index No. 153625/2024, pending in this court, *George Huang v. City of New York, et. al.*, Index No. 155213/2024, pending in this court, and *Militiadis Marmara v. City of New York, et. al.*, Index No. 156892/2024, pending in this court, and it is further

ORDERED that, within 15 days from entry of this order, counsel for Defendants in *Michael Ferrari v. City of New York, et al.,* Index No. 153625/2024, *George Huang v. City of New York, et. al.*, Index No. 155213/2024, and *Militiadis Marmara v. City of New York, et. al.*, Index No. 156892/2024, shall file with the General Clerk's Office a copy of this order with notice of entry,

---

[2] Plaintiffs and Defendants are each respectively represented by the same counsel across all four actions.

152601/2024  LUDEMANN, ROXANNE vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 3 of 4

together with, if a Request for Judicial Intervention ("RJI") has not yet been filed in that action, an RJI and shall pay the fee therefor, and the Clerk of the General Clerk's Office shall assign said action to the undersigned or reassign such action to the undersigned, as the case may be; and it is further;

ORDERED that Plaintiff's cross motion to consolidate is granted solely to the extent of joining the four actions for the purpose of joint discovery, and is otherwise denied without prejudice, with leave to renew upon a more developed record; and it is further

ORDERED that in all actions such filing with the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that on or before May 5, 2025, the parties are directed to meet and confer and submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33@nycourts.gov. In the event the parties cannot agree to a proposed preliminary conference order, they shall appear for an in-person preliminary conference on May 7, 2025 at 10:00 a.m. in Room 442, 60 Centre Street, New York, New York.

This constitutes the Decision and Order of the Court.

| 2/13/2025 | | | Mary V Rosado JSC |
| --- | --- | --- | --- |
| DATE | | | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE:

| | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | GRANTED | DENIED | x | GRANTED IN PART | OTHER |

APPLICATION:

| | SETTLE ORDER | | | SUBMIT ORDER | |
| --- | --- | --- | --- | --- | --- |

CHECK IF APPROPRIATE:

| | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |
| --- | --- | --- | --- | --- | --- |

152601/2024  LUDEMANN, ROXANNE vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 4 of 4

[* 4]

4 of 4